Coös,
May 2, 1922.

ELIZA J. NORCROSS, *Ap't, v.* BENJAMIN S. HASKELL, *Ex'r.*

The failure of a creditor of an insolvent estate through accident, mistake or mis-
fortune to take an appeal from the disallowance of his claim within the time
limited by statute does not constitute a "sufficient cause" within the meaning
of P. S., c. 192, s. 4 for extending the commission.

PROBATE APPEAL. The plaintiff presented a claim to the commis-
sioner appointed to allow claims against the testatrix's estate, which
was disallowed. She failed to appeal from the decree accepting the
report of the commissioner, but later petitioned the probate court to
extend the commission, alleging as the reason therefor that she failed
through accident, mistake or misfortune to appeal within the time
limited by statute.

The probate court dismissed the petition and she appealed. Trial
by *Sawyer,* J., who transferred from the September term, 1921, of
the superior court the question whether the foregoing fact constitutes
sufficient cause for extending the commission.

*James W. Remick* and *Ballard & Little* (of Massachusetts) (*Mr.
Ballard* orally), for the plaintiff.

*Sullivan & Daley* (*Mr. Sullivan* orally), for the defendant.

YOUNG, J. The question before this court is not whether the
court can, in a proper case, extend the time for presenting claims
to the commissioner, *Parker* v. *Gregg,* 23 N. H. 416, but whether
the fact a creditor failed, through accident, mistake or misfortune,
to take an appeal within the time limited by statute, constitutes
"sufficient cause" within the meaning of that term as used in P. S.,
c. 192, s. 4, for extending the commission.

In other words, the question before the court is why the legislature
enacted s. 4. Was it, as the plaintiff contends, to enable the court,
among other things, to relieve creditors who are prevented by acci-
dent, mistake or misfortune from appealing from the disallowance of
their claims, within the time limited by statute; or was it, as the
defendant contends, to enable the court to relieve creditors who
through accident, mistake or misfortune fail to present or support
their claims within the time limited in the commission? *Bufford* v.

*Johnson*, 34 N. H. 489–493. In other words, the question is whether the power conferred on the court by *s.* 4, is of general or limited application. The only evidence relevant to that issue is the language of *s.* 4 read in the light of the context.

Sections 3 and 4 of P. S., *c.* 192, were originally part of the same section, Laws 1830, *p.* 360, but assumed substantially their present form in so far as the question we are considering is concerned, in the Revised Statutes *c.* 162, *ss.* 3 and 12; C. S., *c.* 171, *ss.* 3 and 12; G. S., *c.* 180, *ss.* 3 and 12; G. L., *c.* 199, *ss.* 3 and 12; P. S., *c.* 192, *ss.* 3 and 4.

Section 3 provides that, "A time, not less than six nor more than nine months from the date of the commission, shall be prescribed therein by the judge for the creditors to bring in and support their claims against the estate."

Section 4, as amended by Laws of 1899, *c.* 3, *s.* 1 provides that, "For sufficient cause, the judge may allow further time or times to the creditors, not exceeding in the whole two years from the date of the original commission; in which case the notice originally ordered shall be renewed, and such further notice given as the judge may order; *provided, however*, that if such extension is asked for the purpose of presenting a claim which the creditor has failed to seasonably present at the hearings held under the original commission, the extension shall not be allowed until the probable expenses of the further hearing, as taxed under the direction of the judge, shall have been paid into court for the benefit of the estate."

If the language of these sections is to be given its ordinary meaning, it is obvious that the time *s.* 4 authorizes the court to give creditors is time to bring in and support their claims, *Bufford* v. *Johnson, supra,* 493, __ not time to appeal from the disallowance of claims which have been presented to and rejected by the commissioner. In short there is nothing in the language the legislature used which even suggests that failure to appeal within the time limited by statute may constitute "sufficient cause" for extending the commission. It is probable therefore that the office of *s.* 4 or its purpose in the legislative scheme is to enable the court to relieve those who through accident, mistake or misfortune fail to bring in and support their claims within the time limited in the commission, and not, as the plaintiff contends, to enable the court to extend the time within which creditors may appeal from the disallowance of their claims. If that had been the legislature's intention it is probable it would have used apt words to express it, and that instead of saying as it did in P. S., *c.* 193, *s.* 18, "All demands so presented and rejected, and not allowed

upon an appeal, shall be forever barred," it would have said that such demands shall be forever barred, unless the court finds that the creditors' failure to appeal constitutes sufficient cause for extending the commission.

In other words, if the legislature had intended to give the court power to extend the time within which creditors may appeal from the disallowance of their claims, we should expect to find a section in *c.* 193 giving it that power in express terms, *Parsons* v. *Parsons,* 67 N. H. 419, 422; for P. S., *c.* 200 which relates to appeals when an estate is settled in the ordinary way provides in terms in *s.* 7, that if a party fails to appeal within the time limited by statute the court may extend the time for prosecuting an appeal if it finds that that right was lost by accident, mistake or misfortune.

Since this is so, it is probable that if the legislature had intended to give the court power to extend the time for appealing from the acceptance of the report of the commissioner, we should find in *c.* 193 a section similar to *s.* 7 of *c.* 200. When we consider the facts that the legislature has provided in terms for extending the time for appealing when an estate is settled in the ordinary, and has made no such provision when an estate is settled in the insolvent course, it is to say the least, improbable that it thought it was giving the court that power when it enacted *s.* 4, for to assume that that was its intention is to assume that it intended to give the court power to do by indirection, what it has not given it the power to do in a direct proceeding.

The fact that in other cases in which the court has power for cause shown to suspend a statute (P. S., *c.* 191, *s.* 27), the legislature has given it that power in express terms, tends to strengthen this conclusion. The fact one of the purposes the legislature had in mind when it enacted P. S., *c.* 192, *s.* 1 (the section which permits executors and administrators to settle estates in the insolvent course), was to enable the persons interested to expedite the settlement of an estate, *Hilton* v. *Wiggin,* 46 N. H. 120, 122, also tends to the same conclusion; for if the court can, at any time within two years from the date of the original commission, extend the commission to enable one, who is prevented from appealing within the time limited by statute, to prosecute an appeal, it is obvious that in so far as expedition is concerned, the insolvent course has no advantages over the ordinary method of settling estates.

In short, the evidence relevant to the issue of why the legislature enacted *s.* 4 all tends to the conclusion, that the power it confers on the court is limited to power to relieve those who, through accident,

mistake or misfortune, fail to present and support their claims within the time limited in the commission.

*Appeal dismissed: decree of the probate court affirmed.*

All concurred.