Rockingham, }
March 4, 1924. }

MARY W. HALEY & a., *Ap'ts*, v. RICHARD E. SHUTE, *Ex'r*.

An exception to the order of the probate court vacating a decree accepting the report of a commissioner and extending the time for presenting claims cannot be sustained where the facts on which the order was based have not been transferred.

P. S., *c.* 192, *s.* 4, authorizes the court for sufficient cause to extend the time for the presentation of unpresented claims, but not the time to appeal from the disallowance of claims which have been presented to and rejected by the commissioner.

PROBATE APPEALS. The Janvrin estate was settled as insolvent. The commissioner of the estate disallowed the claims of the Browns. The report of the commissioner was accepted January 23, 1923. No appeal was taken within thirty days. March 13, 1923, the plaintiffs, Browns, petitioned the probate court asking that the decrees of January 23 accepting the commissioner's report be vacated, that the time for presenting claims be extended, and that the petitioners be granted appeals from the findings of the commissioner. On March 13, 1923, the probate court granted the prayer of the petition. The decree accepting the report was vacated and the time for presenting claims to the commissioner was extended sixty days from March 13, 1923. Mary W. Haley, a residuary legatee, duly appealed. At the hearing appointed by the commissioner pursuant to the order of March 13, 1923, the plaintiffs, Browns, presented five claims. These claims were disallowed by the commissioner because they were the same claims that had been disallowed by him before the acceptance of his report January 23, 1923. From the report of the commissioner disallowing these claims, the plaintiffs, Browns, appealed. Upon the above agreed statement of facts, the executor's motion to dismiss the appeals was granted, subject to the plaintiffs' exceptions.

Transferred by *Marble*, J.

*Scammon & Gardner*, and *Sleeper & Brown* (*Mr. Sleeper* orally), for the plaintiffs.

*Shute & Shute*, for the defendant.

PLUMMER, J. The exception of Mary W. Haley to the order of the probate court vacating the decree accepting the report of the

commissioner and extending the time for presenting claims cannot be sustained, if there was sufficient cause for making the order. P. S., c. 192, s. 4. "Whether sufficient cause was shown for the action of the court is a question of fact." *Raymond* v. *Goodrich*, 80 N. H. 215. Whether there was error in dismissing this appeal cannot be determined because no statement, relating to the cause for vacating the decree and extending the time for presenting claims, appears in the agreed statement of facts.

The exception taken by the plaintiffs, Browns, to the dismissal of their appeals must be overruled unless some or all of the claims, presented by them to the commissioner after the extension of time for presentment of claims had been granted, are new claims. It was held in *Norcross* v. *Haskell*, 80 N. H. 396, that section four of chapter 192 of the Public Statutes authorizes the court for sufficient cause to extend to creditors time to bring in and support their claims before a commissioner, but "not time to appeal from the disallowance of claims which have been presented to and rejected by the commissioner." There is no statement in this agreed statement of facts to show whether the claims or any of them, presented to the commissioner, after the extension of time, are new claims. The case as now presented cannot be disposed of. It must be remanded to the superior court and sufficient facts be added to the agreed case, or found by the court, so that it may be determined whether there was sufficient cause for vacating the decree accepting the commissioner's report and extending the time for the presentation of claims, and whether the claims or any of them presented to the commissioner, after the extension of time, are new claims. Unless such facts are agreed or found, the appeals are properly dismissed.

*Case discharged.*

All concurred.