## McDERMOTT v. HAYES, *Adm'r.*

After verdict for an administrator, in a suit against him for a distributive share which he paid the plaintiff before distribution was decreed, the decree may be so modified by the probate court as to show the previous payment of the plaintiff's share, and judgment may then be rendered on the verdict without a new trial.

DEBT, for the plaintiff's distributive share of an estate. Subject to exception, the defendant proved that before the decree of distribution was made he paid the plaintiff more than her decreed share, and took her receipt in full. The payment was not charged in his account on which the decree was made, and was not recited in the decree. Verdict for the defendant.

*Wm. Little,* for the plaintiff.

The probate court is a court of record for all purposes. G. L., *c.* 189, *s.* 1. Its judgments are conclusive, and cannot be impeached collaterally except for fraud. *Tebbets* v. *Tilton,* 24 N. H. 120; *Kimball* v. *Fisk,* 39 N. H. 110; Morrison Dig. 214, *ss.* 59, 60. Its decrees bind parties and privies like any other judgments. *Ham* v. *Ayers,* 22 N. H. 423; *Morgan* v. *Dodge,* 44 N. H. 257. The judgment of a court of competent jurisdiction, until reversed or set aside, is conclusive upon parties and privies. The decree of distribution upon which this suit is founded is a judgment of the probate court. It was rendered in full knowledge of the defendant. He had it made up. He knew all the facts in the case. It is conclusive upon him that the money was in his hands at the time the decree was rendered, and that he owed it to the plaintiff. The defendant says that he paid the plaintiff before the decree; but the decree is conclusive that he did not. One might as well, in a suit upon a judgment on a note, be permitted to prove that he had paid the note before the judgment, the judgment still remaining in full force. Here there is no set-off filed, if indeed there could be any in such an action. *Thorpe* v. *Wegefarth,* 56 Penn. St. 82; Waite Ac. and Def. 526.

*Sulloway, Topliff, & O'Connor,* for the defendant, cited *Faulkner* v. *Chandler,* 11 Ala. 725; *Spencer* v. *Vigneaux,* 20 Cal. 442; *Thayer* v. *Mowry,* 36 Me. 287; *Hollenbeck* v. *Stanberry,* 38 Iowa 327; *Shouse* v. *Newton,* 12 Ark. 367.

DOE, C. J. The defendant may apply to the probate court forthwith for a modification of the decree on due notice. *Warner Bank* v. *Clement,* 58 N. H. 533; *Ayer* v. *Messer,* 59 N. H. 279, 280. When the decree shows payment of the plaintiff's share, judgment

will be rendered on the verdict.  *Roulo* v. *Valcour*, 58 N. H. 347;
*Morrill* v. *Hovey*, 59 N. H. 107; *Boudreau* v. *Eastman*, 59 N. H.
467.

                                        *Case discharged.*

ALLEN, J., did not sit: the others concurred.