## MOORE *v.* CARPENTER.

The remedy of a defendant who has been defaulted without notice is by a petition for a new trial or by motion, and not on a bill in equity.

BILL IN EQUITY, to restrain the further prosecution of two suits at law against the plaintiff, one in the name of Asa Fowler, administrator, and the other in the name of Jeremiah Clough against him, in both of which the defendant Carpenter is the plaintiff in interest.

In March, 1852, Fowler, administrator, and Clough recovered each a judgment against the plaintiff and one Archelaus Moore in Merrimack county. In 1856 the judgments became the property of Carpenter, who has ever since owned them. On the 18th day of March, 1865, Carpenter sued out writs upon both the judgments, returnable at the then next April court for Merrimack county, which, on the 20th of the same March, were duly served upon Archelaus Moore; and on the same day one Bartlett Hill, then a deputy sheriff for this county, left at the plaintiff's usual abode,— that is to say, at the dwelling-house then and for a long time before and after that time occupied by the plaintiff and his family, and from which the plaintiff was during the year 1865 at no time absent for more than one or two days,—a copy of the writ in one case, and a summons in the other, and made his return upon said writs accordingly.

The suits were entered in court. The plaintiff did not appear, but was defaulted. Archelaus appeared by counsel, and the suits were continued from term to term until the April term, 1869, when judgment was rendered in favor of Archelaus upon his plea of a discharge in bankruptcy, and at the next October term against

6*

the plaintiff upon his default.  The pending suits are upon those judgments against the plaintiff, and were .commenced September 10, 1883.

January 24, 1868, the plaintiff filed his petition in bankruptcy, scheduled among his debts both of the judgments as rendered in March, 1852, and February 10, 1869, obtained a discharge from all provable debts and claims which existed at the date of his petition. Notice of the proceedings in bankruptcy was given to Fowler and Clough, but not to Carpenter, who knew, however, that the plaintiff had filed his petition.

Subject to the defendant's exception, the court received evidence, upon which it is found that although the copy and summons were, as above stated, left at the plaintiff's usual abode, neither of them in fact ever came to his hands or knowledge; and that until September 10, 1883, the plaintiff never knew that suits had been brought upon the judgments rendered in 1852.

*Jewell & Stone* and *Ray, Drew, Jordan & Carpenter*, for the plaintiff.

*Hibbard*, for the defendant.

STANLEY, J.   A bill in equity to set aside the judgments in these cases is not the proper remedy.   If, for any reason, the judgments were not properly rendered, the error could have been corrected by a petition for a new trial within the time prescribed in the statute (G. L., c. 234, ss. 1, 2, 4), and it may now be done on a motion to bring the actions forward and vacate the judgments.   Upon this motion, such order can be made as justice requires.   *Bellows* v. *Stone,* 14 N. H. 175; *Frink* v. *Frink,* 43 N. H. 508; *Hillsborough* v. *Nichols,* 46 N. H. 379; *Judge of Probate* v. *Webster,* 46 N. H. 518; *Metcalf* v. *Gilmore,* 59 N. H. 417.

*Bill dismissed without prejudice.*

CARPENTER, J., did not sit: the others concurred.