Belknap, }
Dec., 1899. }

REED *v.* PRESCOTT *&c a.*

Where it is alleged that the allowance of claims by the commissioner of an insolvent estate and the acceptance of his report were obtained through fraud, the remedy of the person aggrieved is an application to the probate court to vacate the decree of acceptance.

If in such proceeding the allegation of fraud is sustained, the probate court may order further hearing before the commissioner without extension of time for the presentation of claims; or a new commission may be issued, which shall be deemed and taken as the original one.

BILL IN EQUITY, alleging that the plaintiff is heir to one half of the estate of James G. Thompson, of which the defendant James L. Wilson is administrator; that the estate was represented as insolvent, and a commissioner appointed whose report was accepted by the probate court. The bill further alleges that by fraud the defendant Prescott secured the allowance by the commissioner of certain claims against the estate which were not legal charges against it, and the acceptance of the commissioner's report by the probate court; and by fraudulent practices kept the plaintiff in ignorance of the allowance of such claims and the acceptance of the commissioner's report until after the expiration of the time for appeal.

If the claims are disallowed, the estate is solvent. The facts upon which fraud is charged were stated in the bill, but are not material to the decision. The prayer of the bill is that Prescott may be enjoined from collecting the claims and the administrator from paying the same, or that Prescott be ordered to pay to the plaintiff such sum as she would have received from the estate if these claims had not been allowed.

*E. A. & C. B. Hibbard*, for the plaintiff.

*Jewell, Owen & Veazey*, for the defendant Prescott.

*James L. Wilson, pro se.*

PARSONS, J. The plaintiff's remedy is an application to the probate court to vacate the decree accepting the commissioner's report which it is alleged was obtained by fraud. *Moore* v. *Carpenter*, 63 N. H. 65, 66; *Clough* v. *Moore*, 63 N. H. 111, 113; *McDermott* v. *Hayes*, 60 N. H. 9; *Ayer* v. *Messer*, 59 N. H. 279,

280; *Metcalf* v. *Gilmore*, 59 N. H. 417, 437; *Warner Bank* v. *Clement*, 58 N. H. 533, 534; *Flanders* v. *Lane*, 54 N. H. 390, 392; *Judge of Probate* v. *Lane*, 51 N. H. 342, 348; *Morgan* v. *Dodge*, 44 N. H. 255, 258; *Kimball* v. *Fisk*, 39 N. H. 110, 120; *Parker* v. *Gregg*, 23 N. H. 416, 424, 425; *Symmes* v. *Libbey*, Smith (N. II.) 137; *Gale* v. *Nickerson*, 144 Mass. 415; *Waters* v. *Stickney*, 12 Allen 1. If there is fraud or error in the decree against which the plaintiff is entitled to relief, the probate court, on her petition, can modify or vacate the same and do justice in appropriate proceedings. *Ayer* v. *Messer*, *supra*. If upon such petition and hearing it shall be found that the commissioner's allowance of the disputed claims was obtained by fraud, further hearing can be ordered before him without extension of time for presentation of claims; or, if necessary, the commission may be set aside, and a new one issued which shall be deemed and taken as the original commission. P. S., c. 192, ss. 4, 13; *Peabody's Petition*, 40 N. H. 342; *Parker* v. *Gregg*, *supra*.

*Bill dismissed.*

All concurred.