Hillsborough, }
May 6, 1902. }

### FULTON PULLEY CO. *v.* BATES MACHINE CO.

### GAGE *v.* SAME.

### KING *v.* SAME.

Whether a judgment by default should be vacated and the trustee in bankruptcy of the defendant be allowed an opportunity to contest the claim, on the ground that a valid defence to the action was not in fact adjudicated, is a proper subject for investigation and determination by the superior court.

Where it is claimed that an attachment and levy were rendered invalid by bankruptcy proceedings against the defendant, the trustee in bankruptcy has an ample remedy in a real action against the creditor to whom the land was set off, and cannot try the question of title upon a motion to bring forward the original action and vacate the judgment and levy therein.

MOTIONS, by the trustee in bankruptcy of the defendants, to bring forward the cases and vacate the judgments and levies therein. The defendants' real estate was attached in these actions

August 3, 1898. These actions were entered at the following September term, and the defendants appeared and made answer denying the validity of the claims sued. At the May term, 1899, counsel for the defendants withdrew, the actions were defaulted, and in October, 1899, judgments were entered for the plaintiffs. Within thirty days thereafter levies were begun upon the attached property, and the land was set off to the plaintiffs in full satisfaction of Gage's and King's judgments and in part satisfaction of the Pulley Company's judgment. The executions were returned January 2, 1900. July 19, 1901, the trustee appeared and made these motions.

December 8, 1898, a petition in bankruptcy against the defendants was filed, but was afterward dismissed because the petitioner was not a competent party. February 24, 1899, the Pulley Company filed a petition in bankruptcy against the defendant corporation, and it was adjudged a bankrupt April 25, 1900. The trustee was appointed November 27, 1900. Upon these facts the trustee asked that his motions be granted, on the ground that the attachments and all subsequent proceedings in the suits were rendered void by the bankruptcy proceedings, and because there is a good and valid defence to the claims sued upon in those actions, although no evidence was submitted upon this point. The motions were denied by *Peaslee, J.*, at the September term, 1901, of the superior court, and the trustee excepted.

*Doyle & Lucier* and *Edward A. Adler* (of Massachusetts), for the trustee.

*Hamblett & Spring*, for the plaintiffs.

WALKER, J. The claim of the trustee, that the plaintiffs' judgments should be vacated and that he should be allowed an opportunity to contest the plaintiffs' claims in the several suits, because the defendants had a good and valid defence to the actions which was not in fact adjudicated, was a proper subject for investigation in the superior court; but it presents no question of law for determination in this court. *Warner Bank* v. *Clement*, 58 N. H. 533; *Clough* v. *Moore*, 63 N. H. 111; *Reed* v. *Prescott*, 70 N. H. 88. Upon that claim no evidence was presented; and the sole contention of the trustee apparently was that the plaintiffs' attachments and levies were rendered invalid by the bankruptcy proceedings, and that the defendants' title to the real estate in question passed to him by operation of law as of the date of the decree in bankruptcy. If this position is sound, there is no occasion for vacating the judgments and declaring void the levies thereon.

*Morse* v. *Davis*, 24 N. H. 159, 162. If his title is superior to that acquired by the attachments and the subsequent levies, he has not been deprived of it by the prosecution of the plaintiffs' suits to which he was not a party. In this view, since the rights of third parties have not intervened, he has suffered no harm by the rendition of the judgments in those suits, and justice does not require the granting of his motion. He has an ample remedy by a real action for the possession of the land, where the question of title can be conveniently tried.

*Exception overruled.*

All concurred.