Rockingham, }
Dec. 5, 1905. }

## HOOD, *Ap't*, v. MONTGOMERY & a.

Upon seasonable objection, the probate court may revoke its appointment of a committee for partition made under the erroneous assumption that the appointees were agreed to by the parties.

In such case the court's postponement of consideration of the question until after the return of the committee's report does not amount to a waiver of the objection, nor is it equivalent to an order overruling it.

PROBATE APPEAL. Transferred from the April term, 1905, of the superior court by *Stone*, J. Upon the petition of the plaintiff for the partition of certain real estate, the probate court appointed a committee to make the partition, the members of which the court understood at the time had been agreed to by the parties. Afterward, but before the time for taking an appeal had elapsed, the defendants objected to the committee as constituted, claiming that they did not agree to the appointment of one of the members. At the suggestion of the court, the consideration of the defendants' objection was postponed until the committee should make a report. When the report was returned the defendants objected to it, and asked that it be set aside and for the appointment of another committee. The court thereupon entered a decree or order setting aside the report and revoking the appointment of the committee, for the reason that the committee was appointed "upon the representation made to the court by counsel for the petitioner that the counsel for the petitionee had agreed upon and consented to the appointment of the committee as herein named," which representation was not in fact true. Thereupon the plaintiff took an appeal to the superior court, assigning among other reasons of appeal, the legal positions that the probate court had no authority to set aside the report of the committee, and that the remedy of the defendants was by an appeal. The defendants' motion to dismiss the appeal was granted, and the plaintiff excepted.

*G. K. & B. T. Bartlett*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendants.

WALKER, J. It was the duty of the judge of probate to appoint "suitable persons" as members of the committee. P. S., *c.* 243, *ss.* 10, 20. If unsuitable persons were appointed, it was the right of the defendants to object and to seek to have the appointment revoked, if they presented their objection in a reasonable time

after they were informed of the facts authorizing that conclusion. The fact that parties agree that certain persons may be appointed upon the committee is evidence that in that proceeding they are " suitable." It appears that the judge of probate made the appointment in this case, relying upon the alleged agreement of the parties as to the suitableness of the appointees, but that the defendants upon learning of the appointment objected thereto, because there was no agreement as to the appointment of one of the men. Having been misled in this material respect, the court had the power to correct the error by revoking the appointment, when the matter was seasonably and properly called to its attention. *Ayer* v. *Messer*, 59 N. H. 279, 280 ; *Reed* v. *Prescott*, 70 N. H. 88. The appointment of the committee was a preliminary proceeding which did not have the effect of a final decree upon the rights of the parties. P. S., *c.* 200, *s.* 1 ; *Parker* v. *Gregg*, 23 N. H. 416, 423. The plaintiff acquired no right to have the partition made by a committee composed of unsuitable men; and if the revocation had been made when the defendants first made their objection, it is apparent that the rights of the parties would have been amply protected. The fact, however, that the court did not see fit to pass upon the matter at that time, but, in the exercise of its discretion, in effect postponed its consideration until after the return of the committee's report, did not as a matter of law amount to a waiver of the defendants' objection seasonably made. Nor was the non-action of the court equivalent to an order overruling the objection. The decision of the question thus raised was merely held in abeyance; and when the objection was finally sustained and the appointment revoked, the legal effect of the order of revocation was the same as though it had been made in the first instance. The proceedings before the committee and its report therefore necessarily became invalid. This result is reached upon the assumption that the facts set forth in the appeal are true. As the case is understood, however, the defendants' motion to dismiss the appeal presents merely the question of the legal sufficiency of the reasons assigned for the appeal, which was taken from the decree finally made setting aside the report, and not from the previous action of the court. A hearing in the superior court is necessary to determine the truthfulness of the allegations.

Whether the division recommended by the committee was just and equitable will become immaterial, if it should appear that the committee was not such a committee as the parties were legally entitled to. The other reasons of appeal do not appear to be important.

*Exception sustained.*

All concurred.