SADIE J. LOMBARD, *Adm'x v.* MAGUIRE-PENNIMAN COMPANY & *Tr.*

An insurer against liability for negligence who undertakes the defence of an action against his assured, cannot thereafter be discharged except by payment of the indemnity to the assured or by securing his discharge from the claim.

In such case, after judgment is recovered by the plaintiff against the assured, the insurer is chargeable in trustee process by the plaintiff for the amount of the indemnity.

TRUSTEE PROCESS. The plaintiff brought a suit against the defendants to recover for the death of her intestate. The liability was one against which the trustees had insured the defendants and assumed the defence of the suit. The plaintiff recovered judgment but the trustees have neither paid the defendants the indemnity to which they were entitled under the policy nor secured their release from the plaintiff's claim. The defendants failed to pay the plaintiff's judgment and she brought this suit and summoned the insurance company as trustees. The question of their chargeability was transferred by *Chamberlin,* J., from the February term, 1915, of the superior court without a ruling.

*Hughes & Doe (Mr. Doe* orally), for the plaintiff.

*Jones, Warren, Wilson & Manning (Mr. Manning* orally), for the trustees.

YOUNG, J. The policy in question is like the one considered in *Sanders* v. *Company,* 72 N. H. 485, and the trustees concede that the plaintiff can recover the indemnity in equity but contend that

it cannot be reached by trustee process. The question raised by this contention is, therefore, one of procedure merely. While there may have been a time when the court would consider such questions even though the party raising them conceded that the other party was entitled to the relief prayed for in some form of action, that is not its custom at the present time, for experience has shown that no useful purpose is served by considering such questions. If, therefore, the trustees' contention that the defendants could not recover the indemnity to which they are entitled under the policy from the trustees in a suit at law, without first paying the plaintiff's claim were sound, she would be permitted to amend this proceeding by naming it a bill in equity. Such an amendment is, however, unnecessary, for the trustees agreed when they insured the defendants that if they assumed the defence of a suit to recover for a risk covered by the policy they would either pay the defendants the indemnity to which they were entitled or would secure their release from the claim. This is the effect of the agreement they made with the defendants, for, as was said in the Sanders case: "The view that the contract means that the insurance company, after taking control of the proceedings in a suit against the assured, cannot thereafter be discharged except by payment of the indemnity to the assured or securing his discharge from the claim, is thought best to conform to the intent of the parties, and is adopted."

Since the trustees have failed either to pay the indemnity to the defendants or to secure their release from the plaintiff's claim the defendants could recover the indemnity from the trustees in assumpsit without first paying the plaintiff's claim, *Fairfield* v. *Day,* 71 N. H. 63; consequently the trustees are chargeable in this proceeding with the amount of the indemnity. *Patterson* v. *Adan,* 119 Minn. 308, 138 N. W. 281.

*Trustees Chargeable.*

All concurred.