Rockingham,  
Dec. 6, 1921.

### RAYMOND, *Trustee, v.* SUSIE J. GOODRICH.
### SAME *v.* ISAAC RANDALL.

A probate court has power for sufficient cause, to allow a widow to withdraw her waiver of the provisions of her husband's will in her favor and of her release of dower and homestead; whether sufficient cause exists is a question of fact.

A devise to testator's wife of "all income and profit" with power "if from any disaster or inability from sickness to use up the whole to her own help and comfort as need be" vests the use of the income in her during life with a power of disposal of the principal.

WRITS OF ENTRY. The suit against Susie J. Goodrich is to recover possession of three farms situated in Nottingham. In the action against Randall, the plaintiff seeks to recover the possession of the standing growth on one of the farms, known as the Chase farm. The plaintiff claims to be entitled to the possession of these farms, as trustee under the wills of Nathan G. T. Goodrich and his son, George W. Goodrich.

The standing growth on the Chase farm was deeded to Randall by George W. Goodrich, executor of the will of Nathan G. T. Goodrich, and Randall gave his note for the purchase price, and there is still a substantial amount due on the note.

The interpretation and construction of the Goodrich wills, the effect of George's deed to Randall, and the proper disposition of the proceeds of the latter's note, if and when paid, and the effect of the waiver hereinafter referred to, were reserved as important questions of law, in advance of further proceedings in the court, and were transferred from the January term, 1920, of the superior court by *Sawyer*, J.

The defendant, Susie J. Goodrich, widow of George W. Goodrich, and legatee in his will, filed in the probate court for the county of Rockingham on December 29, 1917, some nine months after the probate of her husband's will, a waiver of the provisions of his will in her favor and a release of her dower and homestead rights in real estate owned or occupied by her husband at the time of his decease. And by order of the probate court the waiver and release was filed in the probate court, and it was recorded in the registry of deeds.

On the eighteenth day of January, 1921, she filed in the probate court a petition that she might be permitted to withdraw the waiver and release, and the probate court, after due notice, granted the

petition, and ordered that the record of it in the registry of deeds be canceled.

The plaintiff took an appeal from this decision to the superior court upon the grounds that the probate court had no authority to permit the withdrawal of the waiver and release, nor to decree that it be set aside and rendered of no effect, nor to order that the record of it in the registry of deeds be canceled; that the defendant, acting under advice of counsel, having elected to waive the provisions of the will, and released her dower and homestead rights, is bound by her election; and that justice does not require that she be allowed to withdraw, cancel or amend it.

This matter relating to the waiver and release was accepted by the court as an amendment to the case, and the questions of law raised by all the above reasons for appeal, except the last, were reserved and transferred without a ruling from the May term, 1921, of the superior court by *Branch*, J.

*Scammon & Gardner* (*Mr. Frank A. Batchelder* orally), for the plaintiff.

*Sleeper & Brown* and *Chester T. Woodbury* (*Mr. Sleeper* orally), for the defendant Susie J. Goodrich.

*Shute & Shute* and *Arthur O. Fuller* (*Mr. Henry A. Shute* orally), for the defendant Isaac Randall..

PLUMMER, J.   There is no doubt, and the plaintiff concedes, that under the will of George W. Goodrich, his wife, Susie J. Goodrich, would be entitled to the possession of the real estate described in the plaintiff's writ of entry against her, if she had not waived the provisions of his will in her favor.   The question, therefore, for consideration is whether the action of the probate court, allowing her to withdraw the waiver and release, and ordering it canceled, can be sustained.   If it can, the defendant is entitled to the possession of the real estate in controversy, and the plaintiff's suit fails.

The authority of courts to vacate, modify or amend their judgments for sufficient cause, has been upheld many times in this state. "As a general proposition, courts have power to set aside, vacate, modify, or amend their judgments for good cause shown." *Adams* v. *Adams*, 51 N. H. 388, 396; *Judge of Probate* v. *Webster*, 46 N. H. 518; *Clough* v. *Moore*, 63 N. H. 111; *Moore* v. *Carpenter*, 63 N. H. 65.   This power is possessed by the probate courts, as well as by

courts of general jurisdiction. *Knight* v. *Hollings*, 73 N. H. 495, 502; *Hood* v. *Montgomery*, 73 N. H. 405; *Reed* v. *Prescott*, 70 N. H. 88; *McDermott* v. *Hayes*, 60 N. H. 9; *Ayer* v. *Messer*, 59 N. H. 279. In the absence of prejudice to the rights of third parties, the probate court, for good cause shown, had authority to allow the defendant to withdraw her waiver and release, and to order it canceled. Whether sufficient cause was shown for the action of the court is a question of fact. *Melvin* v. *Melvin*, 73 N. H. 602; *Fulton Pulley Co.* v. *Company*, 71 N. H. 384; *Warner Bank* v. *Company*, 58 N. H. 533.

The decisions give the judge of probate greater power than he was called upon to exercise in this case, for his act to the annulment of which objection is made, was not a judgment nor decree, but was simply an order that the waiver and release be filed in the probate office of the county. The only questions that could have come before the court in making this order were whether the waiver and release was in proper form, and seasonably filed. These facts are not questioned, and permitting the order to be withdrawn does not controvert either. The contention of the plaintiff that the court did not have authority to order the cancelation of the record of the waiver and release in the registry of deeds is of no consequence. The object of the record required by the statute (P. S., c. 195, s. 14) is to give notice. The plaintiff has notice, and so far as the present proceedings are concerned it is immaterial whether the record is or is not canceled.

The plaintiff's reason for appeal, that the defendant having made her election is bound by it, presents no question of law. She is not bound by her election, if the court's decision relieving her from it is based upon a good and sufficient reason. And this, as already pointed out, is a question of fact.

Relative to the plaintiff's suit against Randall, it is admitted by the plaintiff that the defendant under a deed from George W. Goodrich has a good title to the standing growth on the Chase farm.

The question of the proper disposition of the proceeds of Randall's note, if and when paid, is not really raised by these suits. But as some question relating thereto may arise, it is, perhaps, advisable to consider it briefly. The note should be paid to Susie J. Goodrich, the administratrix, with will annexed of George W. Goodrich. The provision in his will for his wife is as follows: "My wife, Susie J. Goodrich, is to have possession and right to use all income and profit [referring to his property] and if from any disaster or inability from sickness to use up the whole to her own help and comfort as

need be." Consequently, upon the settlement of her account as administratrix, the proceeds of the note as well as any other funds or property then in her hands or belonging to the estate of her husband, except some items of personal property specifically bequeathed or provided for in his will, will go to her. She will be entitled to use the income therefrom for her own purposes during her life, and she can sell any or all of the property and use any or all the proceeds therefrom if, by reason of sickness or other misfortune, she needs it for her comfort and support.

As the conclusions reached relative to the withdrawal of the waiver and release and the admission of the plaintiff that the defendant, Randall, has title to the standing growth, dispose of these suits, a further construction of the wills is not required.

*In the first suit, case discharged: in the second, judgment for the defendant.*

All concurred.