Merrimack, }
Nov. 9, 1922. }

### ARTHUR J. WATKINS *v.* BOSTON & MAINE RAILROAD.

To entitle a party to a new trial on the ground of newly discovered evidence there must be a finding that a different result will probably, and not merely possibly, be reached. The question is one of fact for the trial court.

Upon a petition for a new trial on such ground, disputed questions on the merits of the case are not tried to the end that the petition should be denied if such questions are decided against the petitioner.

Where relief from an order of nonsuit is asked, the petitioner must establish that with the new evidence he presents a substantially different question as to the sufficiency of all the evidence; and whether he has done this may be transferred in advance of the decision upon the petition.

If the new evidence is material and is not cumulative or merely impeaching, it satisfies the qualitative test; but whether a part of the evidence is or is not cumulative is inconsequential when it does not relate to the essential point of the proceeding — the situation from which the petitioner seeks relief.

Unless there is some evidence upon a given proposition of fact, there is nothing as to which new evidence can be said to be cumulative.

In a petition for a new trial under P. S., c. 230, s. 1, a mistake of counsel as to the law may be ground therefor, but it must also be established that there has been some misfortune for which the petitioner is not culpably responsible and that justice requires a further hearing.

The fact that plaintiff's counsel entertained an erroneous belief in thinking that the evidence introduced had a legal sufficiency to show an essential fact is a mistake as to the law, and together with the further fact that counsel were mistaken in believing that they had found all the existing evidence may constitute mistake as ground for a new trial.

Upon such petition, grounded upon the mistake of the moving party and not upon accident, the petitioner must put his opponent *in statu quo* and must pay the expenses of the first trial before relief by a new trial will be granted.

Whether in such case justice and equity require payment of the expenses of contesting the petition for a new trial, is a question for the trial court.

It is not the practice to consider questions of law which may not arise when all the facts are found; nor to consider questions sent up by the superior court in advance of a final determination of the cause, when it is evident that a decision thereon cannot aid in the proceedings in that court.

PETITION, for a new trial of the action reported in 79 N. H. 285, on the ground of newly discovered evidence. The court, subject to exception, found that the plaintiff is free from fault in not producing the evidence at the former trial. Whether the evidence is sufficient to sustain a verdict for the plaintiff was transferred as a question of law, without ruling. There were also exceptions to evidence. Transferred by *Sawyer*, J., from the October term, 1920, of the superior court.

*Robert W. Upton, Joseph C. Donovan* and *Lucier & Lucier* (*Mr. Upton* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for the defendant.

PEASLEE, J.  It is not the practice in this state to consider questions of law which may not arise when all the facts are found; nor to consider questions sent up in advance of a final determination of the cause in the superior court, when it is evident that a decision thereon cannot aid in the proceedings in that court.  *Fitzhugh* v. *Railway, ante,* 185.

Upon the present petition for a new trial, the plaintiff's freedom from fault was found, and an exception to the sufficiency of the evidence to sustain that finding was transferred.  No order was made, and the essential facts that justice has not been done and that a further hearing would be equitable (*McGinley* v. *Railroad,* 79 N. H. 320, 321) have not been found.  If, upon a consideration of these matters, the conclusion of the superior court upon either should be unfavorable to the plaintiff, his petition would be dismissed.  And in the consideration of these questions no aid would be derived from a decision upon the exception now transferred.  The presiding justice has passed upon one issue of fact, and has transferred the question of the sufficiency of the evidence to sustain the finding, without passing upon the other essential issues.  As before stated, it is not the practice to consider questions so presented.  The plaintiff's freedom from fault having been found, consideration of the sufficiency of the evidence to sustain that finding is postponed until a complete finding upon the petition shows that such question is material to the final disposition of this proceeding.  *Fitzhugh* v. *Railway, supra.*

The other question (transferred without exception or ruling) is whether the evidence as now presented is enough to take the case to the jury.  The question sought to be raised in this manner is not now in issue.  In this proceeding "what the plaintiff asks for, and what the statute authorizes to be given him, is a trial, an opportunity to litigate some matter in dispute, not a decision of the controversy."  *St. Pierre* v. *Foster,* 75 N. H. 10, 12, and cases cited.  While in a case where "it is apparent that there are no questions to be tried" the petition will be denied upon that ground (*Owen* v. *Derry,* 71 N. H. 405; *Rye* v. *Durham,* 79 N. H. 51, and cases cited), yet that rule is not extended so that disputed questions

going to the merits of the case are tried upon the petition, to the end that the petition should be denied if such questions are decided against the petitioner. *Knight* v. *Haverhill*, 77 N. H. 487.

Upon the present petition, there is no occasion to attempt to decide whether the evidence is sufficient to sustain a verdict. What the plaintiff must show here is that, with the new evidence, he presents a substantially different question from that raised at the first trial, as to the sufficiency of the evidence. If this is made out, then the determination of that new question must await the new trial, if one is granted. The evidence at that trial may differ from that presented at this hearing. Since some of it is in the form of *ex parte* affidavits, it is likely that it would so differ. The orderly and well-established procedure calls for the consideration of the question transferred at the new trial, and not before.

It may be, however, that the presiding justice intended to transfer the question which he must now decide, that is, whether the new evidence can be said to present a new question upon the motion for a nonsuit or directed verdict. As that is a matter which must be passed upon by the superior court, and as its decision here may aid in the proceedings there, it has been considered. *Fitzhugh* v. *Railway, ante,* 185.

There is in the new evidence the testimony of witnesses tending to show the location of the accident more definitely than the evidence at the trial did. There is also added testimony as to the dangers incident to the use of the apron on the engine. It is manifest that in this state of the proof it could be found that the question of its sufficiency was substantially different. The evidence warrants a finding that the plaintiff presents a material question which he desires to litigate. *Knight* v. *Haverhill*, 77 N. H. 487, 488.

Whether it appears "that a different result will probably be reached if he is given a new trial" (*Sanborn* v. *Railroad*, 77 N. H. 307, 309) is also a question of fact. *McGinley* v. *Railroad*, 79 N. H. 320. The ultimate question upon which the verdict at the first trial was reversed was one of law. There was no sufficient evidence upon an essential point. New evidence now being offered, the presiding justice is not called upon to settle definitely that it will be held to be sufficient upon a new trial, any more than he was required in *McGinley* v. *Railroad, supra,* to assure the defendant that it would secure a verdict of the jury at such trial. Probability of a different result is all that is now involved. If the different

result is probable as distinguished from possible it is enough. *McGinley* v. *Railroad, supra.* In short, it all comes back to the proposition that the petitioner presents a substantial question which he desires to litigate.

Another question which has been argued is whether the mistake or misfortune relied upon is of a kind against which relief may be granted. The question is not raised by the case, but as it has been twice argued and as it will be involved in the disposition of the petition in the superior court, it has been considered.

Two early cases are relied upon as authority for the proposition that a mistake of counsel in the conduct of the cause is not a ground for relief. *Handy* v. *Davis,* 38 N. H. 411; *Heath* v. *Marshall,* 46 N. H. 40. The proposition stated in each of these cases may be open to the interpretation put upon it, but in each of them there is a finding of negligence upon which reliance is also placed, and in the first the opposing party had offered the petitioner all the relief he was equitably entitled to. It is important to note that both cases arose when the right of review existed, and that the rule then was that a stricter test applied to petitions for new trials in such cases than where there was no such right. *Ordway* v. *Haynes,* 47 N. H. 9; *Brooks* v. *Howard,* 58 N. H. 91. The right of review was taken away in 1878 (Laws 1878, *c.* 64); and the question whether the alleged rule denying a new trial for such a mistake was no longer applicable, if it ever prevailed, does not appear to have received formal consideration and decision since that time. *Cox* v. *Leviston,* 66 N. H. 167, was a bill in equity, and also arose after the law of review had been repealed. The question of the meaning or the soundness of *Handy* v. *Davis, supra,* and *Heath* v. *Marshall, supra,* is stated, but the case was disposed of upon other grounds, and this question is in terms left without any expression of opinion upon it.

But while the question has not been discussed, it has, in effect, been decided many times, and in each instance against the supposed early rule. The cases include not only technical petitions for new trials, but also those under other statutes where procedural relief is granted for the same causes — accident, mistake or misfortune. In none of these instances has the rule now claimed to have been laid down in the earlier cases been applied, and in many of them the decision must have been other than it was if that rule were now applicable. The most numerous class consists of cases relating to petitions for leave to file claims under the statute of highways

(G. L., c. 75; P. S., c. 76). Beginning with *Bolles* v. *Dalton*, 59 N. H. 479, and ending with *Rye* v. *Durham*, 79 N. H. 51, relief has always been granted when the misfortune relied upon was ignorance of the law, and there was a finding of no negligence. And when by accident or mistake the original statement of claim was erroneous in fact, a case for relief is made out. *Harvey* v. *Northwood*, 65 N. H. 117, and cases cited. Relief has been granted upon similar grounds in probate appeals (*Cossar* v. *Truesdale*, 69 N. H. 490, and cases cited), and in tax appeals. *Parsons* v. *Durham*, 70 N. H. 44; *Trust &c. Company* v. *Portsmouth*, 59 N. H. 33.

While it is true that none of these cases relate to a new trial under the statute here relied upon (P. S., c. 230, s. 1), yet the principles involved are the same, and the cases have always been treated as authorities in proceedings like the present one.

When we turn to cases that are under this statute, it appears that the same principle has always been applied since the time when the query as to the soundness or applicability of the alleged rule to the contrary was suggested in *Cox* v. *Leviston*, 66 N. H. 167. Thus, in *Dame* v. *Wood*, 74 N. H. 212, plaintiff's counsel knew the essential facts before the first trial, but believed that they were immaterial. In *St. Pierre* v. *Foster*, 75 N. H. 10, the plaintiff failed to produce any evidence upon an essential issue. In *Morin* v. *Company*, 78 N. H. 567, the same situation existed. In each of these cases it was held that, the other necessary elements being shown, a new trial should be granted. In each of them the mistake was one relating to the conduct of the case at the trial. In harmony with these decisions, and supporting the plaintiff's claim here, are the cases wherein it has been suggested that the aggrieved party has a remedy by applying for a new trial. *Ellis* v. *Association*, 69 N. H. 385; s. c. 73 N. H. 606; *Ordway* v. *Railroad*, 69 N. H. 429, 436; *Dame* v. *Company*, 71 N. H. 407; *Gunnison* v. *Abbott*, 73 N. H. 590; *Taggart* v. *Jaffrey*, 75 N. H. 473; *English* v. *Richardson*, ante, 364. *Brown* v. *Insurance Co.*, 60 N. H. 195, is also apparently much in point as sustaining the plaintiff's contention.

It is true, as suggested, that the repeal of the right of review in 1878 indicates a legislative intent to restrict the right to a new trial. But this does not prove that there was an intent to restrict the power of the court to grant such trial upon cause shown. Under the review statute, the new trial was a matter of right, and might be had without assigning any reason. It could be had when the party had negligently or intentionally failed to put in his whole case

at the first trial. The tradition that the defendant then tried his case the first time to learn what the plaintiff could show, and reserved his defence for the second trial, well illustrates the situation the legislature sought to remedy. There is in the legislative action then taken no evidence of an intent to restrict the power of the court to do justice by granting a new trial upon a proper occasion. It is reasonable to conclude that, if the legislature considered the effect of the repeal upon the remaining statute upon the subject, it was expected that the court would take a broader view of the extent of the relief to be granted upon a petition for a new trial, because the review as of right was taken away. Such understanding would accord with the reasoning of Chief Justice *Perley*, in *Ordway* v. *Haynes*, 47 N. H. 9, which had just been reiterated by Chief Justice *Doe*, in *Brooks* v. *Howard*, 58 N. H. 91. "In England and in most of the jurisdictions where these questions have been considered, there has been no right to a new trial by review in suits at law; and it is to be observed that the cases cited from Massachusetts have arisen since the right of review was abolished in that state. I have not seen a case, where the right to a new trial by review existed, and no misconduct was charged on the adverse party, in which a new trial has been granted on the ground of newly discovered evidence." *Ordway* v. *Haynes, supra*, 10. "In cases like this, in which there is no right of review, the practice of granting new trials is more liberal than in reviewable actions." *Brooks* v. *Howard, supra*, 92. The right of petition having been limited for the reason that the right of review existed, the limitation ought not to prevail after the reason for it has ceased to exist.

The subsequent course of events has been in harmony with the reasoning outlined above. Doubts of the soundness of the supposed early rule were suggested at the first opportunity after the right of review was taken away (*Cox* v. *Leviston, supra*), and since that time the cases have been disposed of upon the broad ground that the questions involved were purely of fact for the trial court. *McGinley* v. *Railroad, supra*. Distinctions between mistakes of the party and those of his counsel, or between mistakes of law and those of fact, have been denied, and mistakes of many kinds, whether made at or before the trial, have been treated as sufficient evidence to call for the exercise of the fact-finding power of the justice presiding at the hearing upon the petition.

Nor does this mean that there is now no limit to the procurement of a new trial. The petitioner must prove a cause therefor. It

cannot be said that a law which gives a party a new trial because on account of accident, mistake or misfortune justice so requires, is equivalent to one giving him such trial at his election merely. There are still certain well recognized limitations upon the right, as matter of law, as in the case of newly discovered evidence; and in every case the party moved against has the right to the judgment of the trial court as to the justice and equity of the petitioner's request. It must be established that there has been some misfortune for which the petitioner is not culpably responsible, and also that justice and equity require a further hearing.

But it is urged that in the present case the plaintiff made a choice between two known available courses of action, and that such mistaken choice cannot be ground for relief. It is true the plaintiff could have asked for a continuance in order that he might make further search for evidence. But it has been found, in substance, that it was reasonable for him and his counsel to conclude that such search would be unavailing. The utmost that can be held against them on this point, as matter of law, is that they knew that it was possible that further investigation might reveal more evidence. That proposition must be true of nearly every case where application is made for a new trial upon the ground that evidence has been discovered since the trial.

The attempt to distinguish the present case from the class typified by *Dame* v. *Wood, supra,* is put upon the ground that in those cases the mistake consisted in an erroneous belief that no evidence was called for upon a certain question, while here there was error in the belief that there was evidence upon the question. The justice of treating the one mistake as ground for relief and the other as being insufficient is not apparent. In each instance there is a mistake as to the law applicable to the trial. In the reported cases, counsel believed the law to be that no evidence upon the point was needed. In the present instance they believed that the evidence was in law sufficient to support a necessary finding.

If the present plaintiff had a choice between two known courses, much more had the plaintiff in the reported cases the same choice. In *Dame* v. *Wood, supra,* it is found in terms that the plaintiff knew the facts before the first trial, and exercised a choice. He left the evidence out because he mistook the law governing his case. Argument is not necessary to demonstrate that the equities against him were stronger than against the present plaintiff, who did not know that the evidence now offered could be procured. In *Dame* v. *Wood,*

*supra,* the plaintiff knew the fact, but was ignorant of the law. In the present case the plaintiff did not know either the law or the fact.

The claim that *Gunnison* v. *Abbott,* 73 N. H. 590, is authority for the defendant upon the theory that a mistake as to which of two known courses to pursue is one which will not be relieved against, cannot be sustained. "Whether Abbott, . . . knew the facts . . . and whether he or his counsel mistook the law applicable to the facts and for that reason voluntarily discontinued the suit against Daniels, are questions of fact. The facts . . . appear sufficient to authorize a finding that the entry of discontinuance, voluntarily entered with the intention of abandoning the suit, was the result of accident or mistake, either of fact or law. *Bolles* v. *Dalton,* 59 N. H. 479. If so made, the court would have power to vacate the judgment that was rendered." *Ib.,* 591, 592. If the mistake was of law, it merely induced the party to take one of two known courses upon the facts. If no mistake was made as to the facts, the plaintiff had them fully before him. The question for decision was whether to go on with the case or discontinue it. Two known courses were open to him. If he chose one rather than the other, because he mistook the law, the decision is that he might be entitled to relief.

It may be that a mere error of judgment, where there is no misunderstanding of either the law or the facts, ought not to be treated as accident, mistake or misfortune within the meaning of the statute. But if this is true, it does not affect the present situation. There was evidence that plaintiff's counsel entertained an erroneous belief as to the law, in thinking that the evidence had a legal sufficiency to show an essential fact, and that they were also mistaken as to the facts in believing that they had found all the evidence that existed. The distinction between questions as to the weight of evidence and those as to whether there is any evidence upon a given point, has been too frequently pointed out to require further elucidation. Nothing is better settled than that while the former question is one of fact, the latter is one of law.

It is argued that since the plaintiff knew he must prove that the accident happened upon a curve, and attempted to do so, his mistake as to the quality or quantity of his evidence cannot be relieved against, any more than his failure to call but two of six available witnesses could be. No authority for such a proposition has been cited. No such limitation upon the right of new trial when new evidence has been discovered is suggested in any of the cases. The

legal limitations of that right, as stated in *McGinley* v. *Railroad,* *supra,* are the only ones that exist in this jurisdiction. Those limitations relate to the quality of the event (what happened), and also to the responsibility of the petitioner therefor (why it happened). The latter class of objections deals with the petitioner's state of mind and what induced it. These have already been considered. The argument now under consideration appears to be directed to the first class as well. It relates to the character of the evidence which is now offered, but which was not produced at the former trial. The rule is that if the new evidence is material, and is not cumulative or merely impeaching, its quality is such as to satisfy the test. *McGinley* v. *Railroad, supra.* Unless the new evidence is open to some of these objections the argument cannot prevail.

It is claimed that the new evidence is only cumulative. That offered in the affidavits of Collins and Turner, relating to the movement of the apron on the engine, was specifically objected to at the hearing upon that ground. The applicability of the rule to the evidence contained in these affidavits need not be considered. The former decision in this case is not put upon the ground that there was no sufficient proof of a defect which might have caused the accident. The opinion assumes, for the purpose of the decision, that "the condition of the apron is evidence of negligence." *Watkins* v. *Hustis,* 79 N. H. 285, 287. A verdict was directed for the defendant because there was no evidence that the accident happened upon a curve. It is this situation which the plaintiff seeks to be relieved from. Whether the evidence now offered as to the condition of the apron is or is not merely cumulative is not important, since in any event it does not bear upon the essential point in this proceeding.

The question whether the evidence now presented to the effect that the accident happened upon a curve is insufficient to support the petition, because of its cumulative character, remains to be considered. The rule that the evidence to warrant a new trial must not be cumulative has frequently been stated here (*McGinley* v. *Railroad, supra,* and cases cited), but the meaning of the term has not been discussed or stated. "Cumulative evidence has been tersely defined as additional evidence of the same kind to the same point." 20 R. C. L. 297. This generally accepted definition has not served to make the application of the rule to specific instances either simple or uniform. It is not necessary, however, to enter upon an examination of the large number of conflicting authorities upon the subject. All the cases agree that evidence which goes to a point

upon which no evidence was adduced at the former trial is not cumulative. And *McGinley* v. *Railroad, supra,* is authority for the further proposition that the evidence is not cumulative although evidence of the same kind and to the same point was introduced at the trial by the opposing party. In that case the new evidence produced by the defendant related to the conduct of the plaintiff, and bore upon the issue of her care. At the trial she herself and her two daughters had described such conduct in detail, but the defendant produced no eye witness to the accident. The conclusion that such new evidence was not cumulative disposes of a large part of the present argument upon the question.

It is strenuously urged, however, that the fact that the plaintiff produced at the trial what he thought was evidence that the accident happened upon a curve, is here to be treated as having the same effect as though such evidence had been so produced. Having defeated the plaintiff's verdict at that trial upon the ground that there was no evidence of an essential fact, the defendant now seeks to defeat a new trial upon the ground that there was such evidence, or that the fact that the plaintiff erroneously thought there was makes the new evidence cumulative to the non-existent evidence which the plaintiff thought he had produced. The conclusive answer to the argument is that until there is some evidence upon a given proposition there is nothing to which the new evidence can be added so as to be treated as cumulative.

The mistake or misfortune here relied upon is clearly one against the results of which relief may be granted. The case presented is certainly not less favorable to the petitioner than many of those heretofore cited, so far as the questions of law herein considered are involved. Whether it is less favorable in fact, is a matter to be disposed of in the superior court; and much of the argument here relates to questions which must be decided there.

It is also suggested that under the circumstances of this case it could not be found that justice requires that the defendant be put to the expense of two trials instead of one. If this is conceded to be true, it does not necessarily dispose of the present proceeding. The broad question, what justice requires, cannot be answered by considering the plight of one party only. The situation, the rights and the burdens of both parties, must be taken account of. If both parties are equally without fault, a finding that justice requires that the defendant be put to great expense in order that the plaintiff might recover a trifling sum would not be warranted. If the relative

amounts are more nearly equal, the question may become a debatable one. But the fact that it would be inequitable to put the expense of two trials upon the defendant would not necessarily mean that the petition should be dismissed. "The former mis-trial happened by the misfortune of the party who lost the verdict; and the expense of that trial, according to the analogy of our practice in other cases, should fall on the party whose misfortune caused it; that expense was caused by the misfortune of the party, who, by accident, was not seasonably informed of the new evidence; and there is no injustice in his bearing the loss which was caused by his own misfortune instead of throwing it on his innocent adversary." *Ordway* v. *Haynes,* 47 N. H. 9, 10.

The plaintiff is asking to be restored to the position he occupied before the case was tried. The proceedings which have been had since that time include the first trial and those incident to the present petition. They include litigation in both courts. The misfortune of which the plaintiff complains has put the defendant to expense in defending the cause. Relief is asked because the plaintiff's counsel made a mistake. There is no error, culpable or otherwise, charged against the defendant. In the usual and orderly way, it has obtained a judgment against the plaintiff's claim. Nor is there any error in the proceedings, from the results of which the plaintiff seeks relief. It is evident that in such a situation the equity of protecting the defendant from the expense caused by an error of the plaintiff is greater than where he stands solely upon the ground that new evidence has been discovered, and there has been no mistake.

The case of pure accident, as distinguished from that where mistake of the moving party is involved, presents a different question as to what justice requires. In case of accident, it might not be unreasonable to conclude that the loss caused by added litigation should lie where it fell. But in the case of mistake of the moving party, reason and the law are otherwise. It has always been the rule that where equitable relief from such mistake is asked for, the petitioner must put his opponent *in statu quo.* "The court will not set aside a transaction without restoring the party against whom it interferes, as far as possible, to that which shall be a just situation with reference to the rights which he had antecedently to the transaction. If the court sees that it can restore the parties to their former condition, or place them in the same situation in which they would have stood but for the mistake, . . . the jurisdiction

will be exercised. A court of equity will not, however, relieve against a mistake, unless it is fully satisfied that it can make ample compensation." Kerr, Fraud and Mistake, 436. Little or no discussion of the proposition is to be found in the cases. It seems to be everywhere conceded as unquestionable. *Green* v. *Stone*, 54 N. J. Eq. 387; *Benson* v. *Markoe*, 37 Minn. 30; *Gray* v. *Robinson*, 90 Ind. 527.

By the terms of the statute under which this proceeding is brought, the relief sought must be equitable; and recourse must be had to equitable principles in solving the question whether relief should be granted. Applying those principles, it follows that before the petition can be granted, or as a condition for granting it, the plaintiff must put the defendant *in statu quo.*

The present case is strictly one of mistake, so far as the question of the expense of the former trial of the merits is concerned. If the plaintiff had known that his evidence would not support a verdict, he would, as a reasonably prudent person, either have asked for a continuance, or, failing of that, have abandoned the suit. There would have been no trial and no transfer of the original case. As to the expenses incident to those proceedings, it is clear that the plaintiff must restore the defendant to its former position before he can obtain the relief here sought.

Whether the expenses incurred in defending against the present petition ought also to be paid by the plaintiff, is a matter involved in determining the fact of what justice requires. The question is not the same as that concerning the expense of the first trial. If there had been no mistake, the plaintiff would at the worst have had a judgment against him on a voluntary nonsuit. In that situation he could, upon the discovery of the new evidence, have brought a new suit. *Ordway* v. *Railroad*, 69 N. H. 429, 433, and cases cited.

A petition for a new trial was made necessary by the plaintiff's mistake. But that did not necessitate the defendant's making unsuccessful opposition thereto. The rule that a plaintiff seeking relief from the results of his own mistake must put the defendant *in statu quo* refers to his status when the mistake was made, as compared with that when he had notice that the plaintiff was moving for relief.

It is true that the defendant would not have been to the expense of the present proceeding if there had been no mistake of the plaintiff. But that is not enough to bring these expenses within the equitable rule above referred to. To make that rule applicable, there must be not only the mistake but also the opponent's conduct caused or induced by the mistake. The principles involved are in

substance those of equitable estoppel. Because of the plaintiff's mistake, the railroad had to defend against the plaintiff's insufficient case. But it defends against the present petition, not because of the mistake but in spite of it. It contends that the plaintiff ought not to be relieved from the results of his error. In such a situation, the rule of restoring the defendant to his former position has no application, as far as the expense incurred in attempting to defeat the prayer for relief from the mistake is involved.

Although the defendant is not entitled to its expenses in this proceeding upon the same ground that it is entitled to those incident to the first trial, it may be upon other grounds. If the petition is finally granted, it will appear that the plaintiff had an equitable right, which he asserted and prosecuted against the defendant's denial thereof. But in solving the question whether the plaintiff has such a right, that is, whether a further trial would be equitable, it may appear to the presiding justice that the essential situation will not exist unless the plaintiff pays the whole or a part of the defendant's expenses herein.

It is also true that if the defendant had not opposed the plaintiff's claim it would not have incurred expense. But that is not an answer to a claim for such allowance as the equities of the situation call for. Making the defence would appear to have been the ordinary and natural thing to do. If it should be found that the defence was one that no reasonable man would have insisted upon, of course no allowance to the defendant on account of such expense will be made.

In the absence of such a finding, an order for such payment would be merely an application of the general rule that in relieving against mistake "the court may, with the view of putting the parties in the position in which they have an equity to stand, annex conditions to the decree." Kerr, Fraud and Mistake, 437. A finding that justice and equity require such further payment by the plaintiff would be equivalent to one that without such compensation a further hearing would not be equitable. Upon such findings, the plaintiff would be entitled to relief only upon compliance with the prescribed conditions. The situation is that which frequently arises when a party asks for some extraordinary relief. He can have it only if justice so requires, and that requirement may be predicated upon a payment by him of the expenses of the other party. "A party may be allowed to elect, either to pay costs and have a continuance, or not to pay and not have a continuance, . . . By

accepting the continuance and gaining its advantages, the defendant accepted its conditions." *Follansby* v. *Smith*, 46 N. H. 137, 138; *Moses* v. *Craig*, 77 N. H. 586. In each of these cases the costs allowed included counsel fees. Cases like *Jacques* v. *Company*, 78 N. H. 248, are not in point here. These decisions relate to the allowance of costs to the prevailing party, and do not touch the question of the power to impose terms for granting equitable relief.

It may be that instead of denying the plaintiff relief, in order that no injustice be done the defendant, an order should be made putting upon the plaintiff the whole burden of the expense of the present proceeding, thereby relieving the defendant from injustice and at the same time doing justice to the plaintiff. Whether this shall be done, or whether the plaintiff shall be called upon to bear some portion of such expense to the defendant, are matters of fact, to be determined by the superior court.

The proceedings in the superior court are incomplete. Such questions as will arise in the course of the completion of those proceedings, and have been argued here, have been considered, although not raised by exception or by transfer on motion of the presiding justice.

*Case discharged.*

SNOW, J., did not sit: the others concurred.