Hillsborough, } 
  Nov. 5, 1930. }

EUGENIE LAMARRE

*v.*

GEORGE LAMARRE, & a.

*Banigan & Banigan*, for the plaintiff.

*O'Connor & Saidel*, for the defendants.

Snow, J. As the record is here interpreted, the court in effect ruled that, in the absence of a waiver of its rights, the company was not bound by the agreement for judgment between the parties of record, and rested such holding on the fact that the company was

not a party thereto. The plaintiff excepted to this ruling and to the order based thereon.

The company undertook to indemnify the insured against liability. From the earlier transfer, and from concessions of counsel in argument here, it appears that the policy contained the usual provisions of such contracts, binding the company to defend or settle any suit brought to recover damages on account of any accident covered by the policy, and forbidding interference by the insured therewith, or with settlements except by the company's consent. It appears to be conceded that the policy covers the injury in suit. Pursuant to its contract the company appeared and defended the action. Its assumption of the defence was an assumption of the liability of the insured, if any, for the injury to the plaintiff, which the company could not thereafter escape except by settlement with the plaintiff or payment to the insured. *Sanders* v. *Insurance Co.*, 72 N. H. 485, 495, 496, 501; *Lombard* v. *Company*, 78 N. H. 110, 111. The company's withdrawal did not deprive the plaintiff of her right to continue the prosecution of her suit in the usual course. Upon the disappearance of counsel for the defence she was at liberty to deal with the insured appearing "in his proper person." P. L., c. 325, s. 1. Such is the usual and ordinary course of procedure. An agreement made by the parties of record or their attorneys is presumed to have been made in good faith, and judgment entered thereon with the assumed assent of the court is binding upon all persons interested therein. *Beliveau* v. *Company*, 68 N. H. 225, 228. It follows that the ruling that the rights of the company were unaffected by the agreement because it was not a party thereto was error and the plaintiff's exceptions to such ruling and to the order based thereon must therefore be sustained.

The company's motion presupposes a judgment, valid until set aside, and seeks relief therefrom because of alleged "fraud, mistake, collusion, and conspiracy." A judgment may always be annulled for sufficient cause. *Warner Bank* v. *Company*, 58 N. H. 533; *Raymond* v. *Goodrich*, 80 N. H. 215, 216. Fraud to which the mover is not a party (*Adams* v. *Adams*, 51 N. H. 388, 397; *Tebbetts* v. *Tilton*, 31 N. H. 273, 287; *Reed* v. *Prescott*, 70 N. H. 88), or a mistake not due to his culpable negligence (*Adams* v. *Adams, supra*; *Wingate* v. *Haywood*, 40 N. H. 437, 441; *Clough* v. *Moore*, 63 N. H. 111, 112; *Knight* v. *Hollings*, 73 N. H. 495, 502; *Scammon* v. *Pearson*, 80 N. H. 122, 124; *Watkins* v. *Railroad*, 80 N. H. 468, 472, 474) may afford such a sufficient cause. The motion presents questions of fact, namely,

whether (1) the judgment was procured by fraud or (2) resulted from a remediable mistake, and if either (3) whether, under the circumstances shown, justice requires that the judgment be set aside and the company be permitted to try the case upon its merits. *Warner Bank* v. *Company, supra; Clough* v. *Moore, supra; Brown* v. *West,* 65 N. H. 187; *Melvin* v. *Melvin,* 73 N. H. 602; *Watkins* v. *Railroad, supra,* 474. See *Jaques* v. *Chandler,* 73 N. H. 376, 381, 382; *Cook* v. *Lee,* 72 N. H. 569, 572; *Shea* v. *Starr,* 76 N. H. 538, 541.

No express findings were made upon these issues, and, in view of the ruling as to the effect of the consent judgment, none can be implied. In this situation the appropriate procedure is to return the case to the superior court for further trial (*English* v. *Richardson,* 80 N. H. 364, 370; *Kaulbach* v. *Kaulbach,* 63 N. H. 615), unless it conclusively appears from the record that the denial of the company's motion is the only conclusion which could be reached.

It is the contention of the plaintiff, however, that the company's withdrawal of appearance and its letter to the insured, as a matter of law, amounted to an abandonment or waiver of the company's right to interfere in the suit after judgment had been obtained by agreement. Her exception to the refusal of the court to so hold is overruled. Any inference of waiver or abandonment which might otherwise have been drawn from the letter and withdrawal is countered by the conduct of the company in immediately filing its bill in equity to cancel the policy, to restrain recovery thereon and to enjoin the trial of the action at law. It pursued this remedy by trial and by bill of exceptions upon which a decision was rendered by this court on January 3, 1928. 83 N. H. 206. The consent judgment was filed in the superior court January 12, without waiting for the expiration of either the ten day period allowed for filing motions for rehearing (Rule 10), or of the thirty day period required by statute (P. L., c. 315, s. 14) before the opinion was due to be handed down. The company's motion for leave to appear in the action at law was filed on February 9, or within ten days of the certification to the superior court of the order denying its exceptions.

If it were conceded that the course adopted, in withdrawing its appearance in the action at law and in relying solely upon its supposed equitable right to an annulment of the policy pending its determination, was not the appropriate procedure, it cannot be said as a matter of law that the company was culpably negligent in entertaining and pursuing such mistaken view of its rights. On the other hand its aggressive course in contesting its liability under the policy, followed

by its seasonable motion to reappear in the action at law, tends to show, not only a want of any intention to abandon its rights, but reasonable diligence in their pursuit.

The evidence of record would support a finding that, by reason of a remediable mistake, justice requires that the judgment be set aside and trial of the action of law be had upon its merits. It may be that the finding and ruling reported were intended to include this essential finding. If so, the findings and order should be so amended as to make this clear. Otherwise the proceeding should be reopened for consideration of this issue.

*Case discharged.*

All concurred.