# MATTERS OF PRACTICE.

## CHITTENDEN COUNTY,

### December Term, 1852.

JOHN HOWARD AND OTHERS *v.* COLCHESTER, GEORGIA, AND MILTON.

### *Practice.*

Upon a petition for a road, the first committee appointed made examination and were nearly ready to report, when one of the number died. It thus became necessary to have some one appointed in his place, and a new examination. Under these circumstances, *it was held*, that this increased expense was necessarily incurred, in executing the commission, and must be regarded as taxable costs in the suit, as much as any other portion of the expense.

THIS was a petition for a road. The first committee appointed, made examination and were nearly ready to report, when one of the number died. It thus became necessary to have some one appointed in his place, and a new examination, and the costs were thereby increased very considerably. It was objected, that this increased expense should not be taxed against the towns, where the road was laid.

BY THE COURT. This increased expense was necessarily incurred, in executing the commission. It must be borne by some one. It could not be expected it should fall upon the petitioners, or commissioners, as it accrued without their fault. It is, therefore, costs in the suit, in the ordinary sense, and we see no reason

why it should not be regarded as taxable costs, as much as any other portion of the expense. It was surely such when it was incurred, and its character could scarcely be changed by such a providential event. The case of *Willard* v. *Harbeck*, 3 Denio 260, seems altogether in point. That was a case, where one of the referees was sick, and the party prevailing was allowed to tax costs for coming prepared for trial, before the referees, when the hearing was adjourned, by reason of the sickness of the referee.