Belknap, ⎱
Jan. 7, 1902. ⎰

### Smith v. Belknap County & a.

A county is not liable for the fees of county commissioners in hearing a highway petition referred to them by the court and dismissed before final judgment by agreement of the parties in interest.

Where a highway proceeding is dismissed by agreement before final judgment, the towns are not liable for fees of the commissioners to whom the petition was referred, according to an apportionment of the costs in their report.

In such case the towns are liable if they requested the services for which compensation is demanded; and in an action by the commissioners for the recovery of their fees, a general verdict for the defendant towns establishes the fact that such request was not made.

Bill in Equity, against Belknap county, the city of Laconia, and the towns of Gilford and Belmont, to recover for services as

county commissioner in hearing a petition to lay out a new road in the towns of Gilford, Gilmanton, and Belmont and in the city of Laconia, and for money paid to a civil engineer.   Heard before *Young*, J., and transferred from the May term, 1901, of the superior court.

At the May term, 1899, of the supreme court, the petition was referred to the plaintiff, Oscar Foss, and Orrin D. Huse as the commissioners of the county, who made a report at the November term that the public good required that the road should be built, and apportioned their bills for services and expenses between the towns of Gilford and Belmont and the city of Laconia.   Judgment was ordered on this report; but it was subsequently ascertained that Oscar Foss was a taxpayer in the city of Laconia, and upon motion the judgment was vacated and the petition referred to a new board of commissioners.   Subsequently the petition was dismissed by agreement of all the parties in interest, but no provision was made for paying the commissioners.   The commissioners acted in good faith in all they did, and Smith and Huse are not in fault for not discovering that Foss was a taxpayer in Laconia.

It was ordered that the bill be dismissed as to the towns of Gilford and Belmont and the city of Laconia, and the plaintiff excepted; that the county pay the plaintiff for his services and personal expenses (legal fees), but not the money paid to the engineer, and the county excepted.   The plaintiff also excepted to the ruling that he could not recover from any of the defendants the money paid the engineer.

*Edwin H. Shannon*, for the plaintiff.

*William D. Veazey*, solicitor, for Belknap county.

*Erastus P. Jewell* and *Augustus S. Owen*, for Laconia, Gilford, and Belmont.

PARSONS, J.   Payment for the services of county commissioners in the business of the county confided to them and in pauper matters is made from the county treasury.   P. S., c. 27, s. 20; Laws 1897, c. 87, s. 1.   The statute (P. S., c. 69, s. 17) prescribes their fees for service upon road petitions, but contains no provision as to how or by whom the fees prescribed are to be paid.   In the consideration of highway petitions referred to them by the court, the commissioners act not as executive officers of the county, but as a special tribunal — part of the judicial machinery of the state. The statute by which the office was created (Laws 1855, c. 1659,

*s.* 37) gave them for this service the same compensation that road commissioners then had, payable in the same way. The road commissioners, who were thus superseded by county commissioners when created, took the place of committees previously appointed by the court in each case to perform the same service. Laws 1840, *c.* 506; Laws 1830, *c.* 7; Laws 1829, *c.* 52, *ss.* 9, 12.

As to their compensation, the several bodies performing this duty, whether called "committees," "road commissioners," or "county commissioners," stand like referees, auditors, masters, committees to make partition, and other like agencies employed in judicial administration. They are to be paid by the parties requesting their services unless statutory provision has been made for their remuneration from the public treasury. The expense involved in their employment in the action before the court is part of the costs of the proceeding. Either party may pay the fees, and if successful, in the absence of contrary provision, may recover the amount paid as part of his taxable costs. *Hoit* v. *Babcock*, 17 N. H. 260; *Petition of Barrington*, 19 N. H. 399, 402; *Currier* v. *Grafton*, 28 N. H. 73, 74; Rules of Court, Nos. 71 and 89, 56 N. H. 594, 598. The only cases in which the county is chargeable with the whole or any part of the costs of laying out are: (1) When the highway is laid over land not in any town (P. S., *c.* 71, *s.* 2); (2) when, on the ground that the payment of damages and costs of laying out, or altering and making, the highway would be burdensome to any town, the court, upon petition, notice, and hearing, orders a part not exceeding one half to be paid by the county. P. S., *c.* 71, *s.* 3. These provisions apply only in case the highway is laid, and do not authorize the imposition of the expense of hearing unsuccessful petitions upon the county. *Currier* v. *Grafton*, 28 N. H. 73, 74. In the case of an unsuccessful petition, the general rule that "costs shall follow the event of every action or petition" (P. S., *c.* 229, *s.* 1) applies. As said by Judge *Bell* in the case last cited: "It is just that the towns should recover the costs to which they have been subjected by an application which has been decided by the proper tribunal to be groundless. It is not suggested that the county is chargeable in that case, nor do we perceive anything in the statutes which would give countenance to that idea. It would leave the county chest too widely open if the county were bound to pay the costs of every such petition, whether well or ill founded, and whatever the result might be."

In the case for which fees are claimed in this proceeding, the road was not laid. Although the petition was heard by the commissioners and a report filed by them, laying out the road and apportioning the expense of the hearing between the several towns

defending, nevertheless, after the coming in of the report the petitioners abandoned their case and the petition was dismissed. The reason for such action has no bearing upon the effect of the report. In the absence of an order of judgment upon the report according to its terms, the report, even if legally unimpeachable, established nothing, either as to the question of public urgency or the equitable division of the costs of the proceeding. "Facts are not established by the findings of referees, judges acting as triers of fact, or by the verdict of a jury, but by a judgment on the report, finding, or verdict." *Petition of M. & M. R. R.*, 68 N. H. 570, 576; *Hunter* v. *Carroll*, 67 N. H. 262, 264; *Clough* v. *Moore*, 63 N. H. 111, 113. The judgment dismissing the petition did not lay out the road, but denied the application therefor. Even if the highway had been laid, no ground appears upon which, under the statute, any part of the expense of the laying out could be imposed upon the county. The road was not over land not in any town, and the county could not be charged with any portion of the expense upon the ground that the expense would be too burdensome to any town except upon petition, notice, and hearing, as provided in the statute. No such proceeding has been had or attempted, and necessarily is not maintainable except upon a judgment laying out the road. No authority being found for the imposition of any part of the expenses incurred in the attempt to lay the road upon the county treasury, the exception taken by the county to the order made must be sustained.

After the report of the commissioners was set aside, the case stood as to final judgment as if no hearing had been had; a new hearing was necessary, the expense of which, as well as of the one which had been had, being costs of the proceeding. *Howard* v. *Colchester*, 24 Vt. 644. Instead of proceeding with a hearing before a qualified tribunal, the petitioners elected to become nonsuit. The defendant towns were therefore entitled to costs, in the absence of an agreement to the contrary. *Currier* v. *Grafton*, 28 N. H. 73. If the towns had voluntarily paid the legal fees of the commissioners, unless restrained by an order of the court limiting costs or the terms of the agreement of dismissal, no reason appears why they could not have recovered the sums paid as costs. If there is anything in the language of Judge *Bell* in *Hampstead's Petition*, 20 N. H. 241, 245, which would tend to a contrary view, the subsequent ruling by the same judge in *Currier* v. *Grafton*, 28 N. H. 73, above quoted, that the towns should recover the costs to which they have been subjected by a groundless application, shows that what was said in the case of a successful application by a town for the discontinuance of a highway was not understood to apply to an unsuccessful petition to lay out one.

Whether what was said can be fully sustained under the present statutes, in the case of a proceeding to discontinue, is not now in question.

The plaintiff, having rendered the service in good faith and being in no fault, is entitled to recover the compensation which the statute declares reasonable — his legal fees — of the parties requesting the service, although through no fault of his the service was of no avail to any one. *Davis* v. *Bradford*, 58 N. H. 476; *Goodall* v. *Cooley*, 29 N. H. 48; *Potter* v. *Hazard*, 11 Allen 187, 192. The plaintiff therefore can recover of the towns if they in fact requested his services, or as matter of law from their relation to the hearing are to be considered as doing so. The question is: Did they employ the plaintiff to hear the case? The verdict establishes that they did not, in fact. The final liability of the towns for any portion of the costs of the proceeding depends either upon the laying out of the road (P. S., c. 71, s. 2), or an apportionment of the costs between the parties by the commissioners (P. S., c. 69, s. 16); while the several liability of the defendant towns between themselves depends upon the apportionment of the expense between them made by the same tribunal. P. S., c. 69, s. 14. Although the commissioners attempted to do all these things, nothing has been accomplished because no judgment has been rendered upon the report establishing the justice and verity of their conclusions. In a common-law submission to arbitration, where no provision is made as to the arbitrator's fees, both parties are understood as requesting the services of the arbitrator and to be equally bound to the payment therefor. Morse Arb. 577, 578; *Russell* v. *Page*, 147 Mass. 282, 284. Such inference, however, cannot be made as matter of law from a statutory submission such as this, or from the assent of the defendant towns to the dismissal of the petition. The towns were not the actors; nothing they could do could prevent the reference of the petition or the abandonment of it. They were not legally liable until the petitioners obtained judgment against them. Under the circumstances, the towns are not necessarily to be regarded as the parties requesting the services of the plaintiff and legally liable therefor to him. *Hoit* v. *Babcock*, 17 N. H. 260; *Potter* v. *Hazard*, 11 Allen 187, 193; *Butman* v. *Abbot*, 2 Green 361, 362. Such seems to be the reason of the 89th Rule of Court above cited, which allows the petitioners to tax as costs against the county and against towns fees paid the clerk, the sheriff, and the commissioners. The petitioners are not parties here, and would not be bound by a conclusion that they are liable. So far as this case is concerned, the conclusion is that the defendant towns are not liable because the statutory facts necessary to create

such liability have not been legally established; and it cannot be inferred as matter of law, against the verdict of the trial court, that they requested the plaintiff's services. The question as to the surveyor's fees is rendered immaterial by this conclusion. No question has been made as to the form of the proceeding.

The exception taken by the county of Belknap is sustained. The exception of the plaintiff to the discharge of the towns is overruled, while the exception to the refusal to allow the surveyor's bill is not considered. The order is

*Bill dismissed.*

All concurred.