Rockingham, }
May 6, 1919. }

JOHN SCAMMON & a., *Ex'rs*, v. EDWARD N. PEARSON, *Adm'r*.

A decree of a court of probate, regularly made, is not subject to collateral attack, and can be reviewed, or reopened, if at all, only upon application to a court of probate.

A bill for advice in respect to the disposition of a trust estate cannot be maintained by one not occupying a fiduciary position in relation thereto.

The executors of an executor who had been appointed trustee by will but had not given the bond required by P. S., *c*. 198, *s*. 1, cannot perform the trust or maintain a bill for advice against a duly appointed trustee; the only duty of such executors is to settle the account of their testator.

BILL IN EQUITY, alleging that the plaintiffs' testator, who was one of the executors of the will of his wife, Elizabeth H. Jaques, filed and settled an account of said trust in the probate court in 1906, and another in 1916; that the 1916 account was reopened in 1917, after his death, and a modified decree was made, from which the plaintiffs appealed and which appeal is now pending. It is further alleged that both of said accounts are erroneous and should be corrected, and that certain distributions of stock and bonds to the estate should be treated as income. The prayer of the bill is "that all of said accounts and all the accounts of the executors of the will of Elizabeth H. Jaques may be reëxamined; that all the mistakes therein may be corrected, that it may be determined what cash and securities *as income* said Jaques in his lifetime failed to receive, that a general accounting be had" and for other relief.

In the superior court, *Allen*, J., sustained the defendant's demurrer to the bill and transferred the case on the plaintiffs' exception from the May term, 1918, of the superior court.

*Scammon & Gardner*, for the plaintiffs.

*William W. Thayer, Harry W. Peyser* and *Harry J. Brown*, for the defendant.

PEASLEE, J. The plaintiffs seek in this bill for relief from certain decrees of the probate court. There is no suggestion that the decrees were not regularly made, and by well established law they are not subject to collateral attack. If for any reason they ought to be reopened, so that the proceedings leading up to them can be reviewed, the desired relief can be had only in some direct proceeding.

They can be reopened only by a court of probate, and proceedings looking to that end must be begun by an appropriate motion or petition addressed to the judge of probate. *Reed* v. *Prescott,* 70 N. H. 88, and cases cited; *Barrett* v. *Cady,* 78 N. H. 60, 64.

The bill further seeks for an advisory opinion as to whether certain property of Elizabeth Jaques should be treated as income or as principal. The defendant objects to this proceeding, and does not wish to be advised. In this situation a bill for advice cannot be maintained. *Ross* v. *Church,* 77 N. H. 592, and cases cited.

The plaintiffs further contend that in effect their testator had in his lifetime ceased to be executor and had become a trustee under the will of his wife, that as such trustee he could have maintained a bill asking for advice and direction, and that since he had such right it has passed from him to his executors. But a trustee cannot take an estate under a will until he has given the bond required by the statute. P. S., c. 198, s. 1. Until the trustee has so qualified, it is the duty of the executor to hold the estate in that capacity. *Fernald* v. *Church,* 77 N. H. 108. He therefore held the estate as executor until his decease. His trust as executor then terminated. It did not pass to his executors. P. S., c. 188, s. 8. Their right and duty in the premises was to file and settle an account of his official acts. A successor to his trust has been appointed and has entered upon the duties of his office. Whatever distribution of the estate is to be made hereafter must be made by him. So far as the plaintiffs represent their testator in his official capacity, their only duty is to account for the estate as it stood when his trusteeship was terminated by his death. *Judge of Probate* v. *Heydock,* 8 N. H. 491, 498; *Judge of Probate* v. *Claggett,* 36 N. H. 381, 386; *Prescott* v. *Farmer,* 59 N. H. 90. All future fiduciary action is to be taken by the defendant.

The ground upon which a trustee is permitted to maintain a bill for advice is that otherwise he must act at his peril, or else wait until a claimant brings suit. *Greeley* v. *Nashua,* 62 N. H. 166. This process enables him to speedily and safely execute his trust. These plaintiffs are not so situated as to need the aid of equity in this respect. So far as the controversy involves a further distribution of the estate the duty to act is upon the defendant. So far as it involves charging or discharging the plaintiffs on account of their testator's official acts, it is to be passed upon by the probate court when they settle an account. In that matter this court has no jurisdiction to direct in advance the action of that tribunal. *Barrett* v. *Cady, supra.*

So far as the plaintiffs represent the claim of their testator's estate as a beneficiary under his wife's will, they stand no differently than the beneficiary who appears in person. An executor who makes claim to property upon the ground that his decedent had an interest under the will of another, is not entitled to the advice of the court as to the validity of such claim. He can proceed for the recovery of what he claims, and does not need this remedy.

*Exception overruled.*

WALKER and YOUNG, JJ., did not sit: the others concurred.