Rockingham,
May 3, 1921.

JOHN SCAMMON & a., Ex'rs, Ap'ts, v. EDWARD N. PEARSON, Adm'r, & a.

Upon a probate appeal, the appellant is limited to the questions presented by his reasons for appeal, while all matters involved are open to the appellee.

The findings of a probate court are not of any effect until their verity has been established by a decree.

A probate court has power upon petition, proper cause being shown, to open and revise a decree previously made.

Upon appeal from a probate decree so revising a former decree, all questions of fact decided in the decree appealed from, and which are included in the reasons for appeal, are open to the appellant; and the whole case on the petition is before the supreme court of probate for a correct decree.

A petition to open a decree is decided upon equitable grounds, and in the correction of errors the court will not be confined to those of which the petitioner complains; errors in his favor will be equally open for adjustment.

PROBATE APPEAL. The appellants' testator, William H. Jaques, in 1916 filed in the probate court an account as executor of the will of Elizabeth H. Jaques. Upon hearing, the probate court, August 14, 1916, made certain findings, among others that $20,000 American Express Company bonds received by the executor were not income but part of the principal of the estate; and August 26, 1916, entered a decree charging the accountant with a balance of cash and securities in his hands amounting to $78,756.39. November 24, 1916, William died and the appellants were appointed executors under his will. In 1917, Pearson was appointed administrator d. b. n., with will annexed, of Elizabeth Jaques' estate and the First National Bank of Concord was appointed trustee under her will. Neither party appealed from the decree of August 26, 1916. August 15, 1917, the bank as trustee filed a petition in the probate court asking that this decree be set aside and altered in so far as necessary to correct such errors and defects in the account as were apparent from an examination of the account itself and specifying among other errors a failure to charge the executor in the final decree with the $20,000 American Express Company bonds which the court had found not to be income.

Upon hearing, the court opened the decree and October 5, 1917, made a new decree in which with other changes the executor was specifically charged with the American Express Company bonds. The final decree of this date charged the accountant with a balance of

cash and securities amounting to $116,598.50. From this decree and the allowance of the bank's petition the executors of William took this appeal. The court, *Allen*, J., in advance of hearing transferred from the May term, 1920, of the superior court the following questions for consideration here:

1. Whether the findings of the probate court of August 14, 1916, constitute a decree and are to be treated as *res adjudicata*.

2. Whether the decree of August 26, 1916, was entirely set aside by the decree of October 5, 1917, or was modified only in so far as necessary to correct errors apparent from an examination of the account itself.

3. Whether the decree of August 26, 1916, was validly corrected as specified in the decree of October 5, 1917.

4. Whether the appellants by their appeal may raise the question of the distribution bonds of the Adams Express Company being principal or income.

*Scammon & Gardner* and *Elwin L. Page* (*Mr. Page* orally), for the appellants.

*William W. Thayer* and *Harry J. Brown* (*Mr. Thayer* orally), for the appellees.

Parsons, C. J.   The substantial question between the parties is what questions are open upon the appellants' appeal from the decree of October 5, 1917, charging their testator as executor with a balance of $116,598.50. Upon a probate appeal the appellants are limited to the questions presented by their reasons of appeal while all matters involved are open to the appellees. This familiar and well understood proposition would not be transferred to this court as an important question of law except for the confusion which has arisen from the claim that certain findings made by the court preliminary to the decree of August 26, 1916, were to be treated as *res judicata*. But the findings of a trier of fact, whether a judge, jury, or referee, are not of any effect until their verity has been established by a judgment. *Milford & Manchester R. R.'s Petition*, 68 N. H. 570; *Clough* v. *Moore*, 63 N. H. 111, 113. "There can be no estoppel from a verdict or finding until judgment has been ordered establishing the truth and verity of the same." *Piper* v. *Railroad*, 75 N. H. 435, 446; *Smith* v. *Belknap County*, 71 N. H. 203, 206. The judgment of the court was

rendered August 26, 1916. The bank alleged in its petition that the American Express Company bonds were not included in the judgment then rendered. Upon hearing the petition the probate court found this allegation correct and entered a new judgment October 5, 1917, expressly charging the accountant with the bonds. By this procedure the verity of the finding of the court that the bonds were not income, assuming as appears to have been understood by the court and the parties that fact to be material, was not adjudicated until October 5, 1917. This judgment is opened by the appeal with all facts necessary to sustain it. The appellees cannot contend in their petition that the fact was not adjudicated in 1916, for the purpose of having the bonds charged against the accountant, and now contend it was embraced in the judgment of 1916 so as to preclude an investigation into the grounds of the decree. If the opening of the decree by the probate court is sustained, all questions of fact decided in the judgment then entered, included within the appellants' reasons of appeal, are open to them. The reasons of appeal put in issue the power of the probate court in law and as matter of fact to revise the decree of August 26, 1916. There is no doubt of the power of the probate court, proper cause being shown, to reopen and revise a decree previously made. *Scammon* v. *Pearson*, 79 N. H. 213; *Reed* v. *Prescott*, 70 N. H. 88. "But the power is equitable in nature. It is not exercised upon the mere asking, nor for the sole purpose of overriding rules of law that stand in the way of maintaining proceedings at law. To entitle the plaintiffs to the relief they seek, there must be some substantial ground, such as fraud, accident, or mistake, which renders it against conscience to execute the decree they attack, and of which they were prevented from availing themselves by fraud, accident, or mistake, unmixed with any fraud or negligence on their part." *Knight* v. *Hollings*, 73 N. H. 495, 502. The first question, therefore, for trial is whether the decree of August 26, 1916, should be set aside. If the facts found bring the case within the rules laid down by Judge *Chase*, the decree of August 26, 1916, charging the accountant with $78,756.39 will be set aside to the extent authorized by the evidence and the question will arise what decree should be entered so far as the one made charging the accountant with $116,598.50 is challenged by the reasons of appeal, or is otherwise in issue. The appellees are not limited to the errors specified by the appellants. *Patrick* v. *Cowles*, 45 N. H. 553. As the petition to reopen the decree is decided upon equitable grounds, in the correction of errors the court will not be confined to those of which the petitioners com-

plain. Errors in their favor will be equally open for adjustment. It would be manifestly inequitable to correct one error and leave standing another which may have balanced it. The second question as to the scope of the action of the probate court is immaterial. The whole case on the petition is now before the supreme court of probate for a correct judgment. The third question, "whether the decree of August 26, 1916, was validly corrected as specified in the decree of October 5, 1917," is the question in the case which the superior court will answer upon the facts found by application of the law hereinbefore stated. If the question intended is whether upon facts authorizing the action the probate court or the supreme court of probate has the power of correction attempted to be exercised, the question is answered in the affirmative. The answer to the fourth question, "whether the appellants . . . may raise the question of the distribution bonds of the Adams Express Company being principal or income" depends upon whether the disputed fact is material to the judgment to be rendered.

The probate court appears to have understood the matter to be material, *i. e.* the executor is not to be charged if the bonds are income but is to be charged if they are not. If this be so, the fact is material and would be determined by the judgment. In such case, the question whether the bonds were income or principal would not only be a possible but a necessary issue to be determined in settling the account.

If, on the other hand, the accountant is chargeable with the bonds whether income or principal, the question is an immaterial one, which would not be decided by the judgment even if submitted to and passed upon by the tribunal. *Morgan* v. *Burr*, 58 N. H. 470, 472. In that case, the question would not be determined by any judgment that has been or can be rendered in the accounting under review. No transfer has been made of any facts showing why the question is, or was thought to be, material. It may be the bonds, if income, belong to the accountant and are not properly chargeable to him as executor. If this be so, the issue is squarely raised and should be decided.

If technically not in issue, as the question seems to be the principal matter in dispute, the parties may be able to devise a method for its determination in this proceeding without delaying for a further accounting by the executors of Jaques, or the administrator of Mrs. Jaques with a petition for a decree of distribution, or a direct proceeding by Jaques' executors against Mrs. Jaques' administrator for a legacy belonging to Jaques or some other procedure

which it is possible may be technically required to determine the controversy.

*Case discharged.*

YOUNG, J., did not sit: the others concurred.