Hillsborough, } No. 3855.
Nov. 1, 1949. }

INDIAN HEAD NATIONAL BANK, *Tr.*, *Ap'ee*

*v.*

GEORGE F. THERIAULT & a., *Ap'ts.*

24

*Guertin & Leahy* (*Mr. Guertin* orally), for the appellee.

*Robert E. Earley* and *Charles J. Flynn* (*Mr. Flynn* orally), for the appellant George F. Theriault.

*John D. Wilcox* and *Paul J. Doyle,* for the appellant Luella A. Theriault, Guardian.

DUNCAN, J.   Since the interests of the appellants are not identical, their rights upon appeal must receive separate consideration.   As applied to the appeal of George Theriault, the orders of the Superior Court were without error.   The appeal raised no issue of fraud.   By the motion to amend filed on November 16, 1948, the appellants sought to charge the trustee with fraudulent collusion with its predecessor trustee and the executor of the will, both in the capacities mentioned and as guardians of the then minor sons of the testator. So far as appears, the transactions alleged to have been fraudulent occurred prior to the resignation of the predecessor trustee in August 1931.   In the course of the hearing which preceded the filing of the motion, it appeared that the appellants also sought to charge the trustee with neglect in failing to take action to recover the difference between the value of the assets which it received from its predecessor and the balance as shown by his final account, and with neglect in failing to charge the predecessor trustee with mismanagement or maladministration disclosed by his accounts.

In *Spooner* v. *Dunlap*, 87 N. H. 384, 387, this court said: "Except under extraordinary circumstances, no duty would . . . devolve upon the present trustee to investigate the conduct of his predecessor." The

pretrial hearing disclosed no extraordinary circumstances which should have required any investigation by the appellee of the conduct of its predecessor, whose accounts had been allowed by the probate court. If in fact there had been the fraudulent collusion in which the appellee is alleged to have participated, its failure to investigate conduct in which it participated would not add to its liability for such participation, or for any breach resulting therefrom. The appellants are correct in their contention that the appellee, as a successor trustee, was under a duty to collect the trust assets as disclosed by the accounts of its predecessor, although this was subject to any right on his part to correction of the accounts in case of mistaken failure to claim allowable depreciation in value. *Duncan* v. *Dow*, 95 N. H. 5. The order restricting the issues to be tried to those arising out of the latest account of the trustee precluded the appellants from litigating any liability for failure to collect the assets, and from seeking to establish liability for the alleged fraud. This order is sustained.

The appellant George Theriault has been of age during the entire period in which accounts of the appellee trustee have been allowed. His brother Albert became of age in 1932, prior to allowance of the trustee's second account. Eight accounts were allowed without objection and no objection was made to any conduct of the trustee until 1941. The issue of fraud was not raised until 1948, long after the death of Albert. If the fact that the predecessor trustee was also guardian of one or both of the beneficiaries during their minority explained their failure to object to his accounts, it did not explain their failure to act after they became of age. The issue of laches was heard by the Court, and the explanation offered by appellants' counsel was not such as to compel a finding of diligence.

R. L., c. 365, sections 1 and 2 provide that appeals from decrees of the probate court shall be taken within sixty days. Under subsequent sections, if "the petitioner has not unreasonably neglected to appeal, and . . . injustice has been done" (*s.* 9), he may be allowed an appeal "at any time within two years thereafter" (*s.* 7). R. L., c. 390, *s.* 9 provides that "amendments in matters of substance may be permitted . . . when it shall appear to the court that it is necessary for the prevention of injustice. . . . " "The statute of appeal and the statute of amendment are to be correlated. Limitations of time have in view the expeditious settlement of estates and of probate litigation. In construction of the statutes, there can be no injustice in holding a party to a requirement from which he shows no good reason for relief." *Broderick* v. *Smith*, 92 N. H. 33, 37.

The appellant George Theriault has not sustained his burden of showing that his failure until 1941 or 1948 to question the conduct of the trustees between 1928 and 1932 was not negligent. *Wellington* v. *Wellington*, 88 N. H. 482; *Knight* v. *Hollings*, 73 N. H. 495. See also, *Scott, Trusts, s.* 219; *Cote* v. *Cote*, 94 N. H. 372; *In re Schlicht's Estate*, 231 Wis. 324. While the authority of the probate court to reopen its decrees is undoubted, it will not be exercised except for good cause. *Raymond* v. *Goodrich*, 80 N. H. 215, 216; *Knight* v. *Hollings, supra*, 502. The issue was one of fact (*Haley* v. *Shute*, 81 N. H. 252), upon which the finding of the Trial Court is final. There is no error in the order which confines the appeal of George Theriault to matters stated therein as applied to the last account of the trustee.

The rights of the minor beneficiary Charles, son of Albert, stand upon a somewhat different footing. During most of the accounting period he was an unborn person, whose interest was contingent not only upon birth, but also upon the death of his father before complete distribution of the share of the principal of the trust fund. The guardian contends that since Charles was unrepresented in the probate proceedings, he is not bound by them. Within narrow limits, the contention is valid. It overlooks the fact that for the most part Charles' interest with respect to the accountings was identical with that of his father and the father's brother. While it was not of the same class as theirs, so far as any improvident or collusive dealings between the successive trustees, or between either of them and third persons, were open to attack, Charles must be held to have been sufficiently represented by George and Albert, under the doctrine of virtual representation. Restatement, Property, *ss.* 184, 185. "The interests of representative and represented . . . [were] so identical that the motive and inducement to protect and preserve may be assumed to be the same in each." *Webster* v. *Assurance Company*, 50 F. Supp. 11, 15. See also, *Andrew M. Chaplin*, 131 Me. 446; 1 Freeman, Judgments (5th *ed.*) *s.* 490; annotations, 120 A. L. R. 876, 880; 132 A. L. R. 749, 758.

The charge is made however that certain payments to Albert during his lifetime exceeded the authority of the trustee to make. As to any such payments, the interest of the father was adverse to that of the son. Nor as to such payments can Charles be said to have been represented by his uncle, for George had no interest in the share of the fund held for the benefit of Albert and his issue. Thus with respect to payments made to Albert, Charles was unrepresented.

The fact that Charles's interest was unascertained prior to 1936

and unvested and contingent prior to 1940, did not entitle the accountant to disregard it. His interest was known, and the possibility that it would vest was not so remote that it could be ignored. The circumstances under which it should vest were specified by the will, and the burden was upon the accountant to take the steps necessary to bind this interest if decrees upon its accounts were to be free from attack. See *Hollis* v. *Tilton*, 90 N. H. 119.

So far as the orders of the Court operate to prevent the guardian from seeking re-examination of prior accounts of the appellee for the purpose of determining the propriety of payments to Albert, they are erroneous. The order limiting the issues to be tried should be modified to permit re-examination of the appellee's accounts for that purpose. In all other respects the orders should stand.

*Exceptions of George F. Theriault overruled;*
*exceptions of Luella A. Theriault, guardian, sustained in part.*

All concurred.