Grafton,
July 9, 1951. } No. 4049.

ARTHUR LUCIUS, *Ap't v.* EVELYN LUCIUS WISTNER *& a. Ap'ees.*

*Leahy & Denault,* for the appellant, furnished no brief.

*Hazen K. Sturtevant,* for the appellees, furnished no brief.

DUNCAN, J.  The ruling by the Trial Court that the adoption was invalid is founded upon the statutes relating to adoption.  By section 2 of chapter 345 of the Revised Laws, as amended by Laws 1943, *c.* 127, *s.* 3, it is provided that the parents of the child shall consent in writing to the adoption subject to certain exceptions which are not applicable to this case.  No provision is made for dispensing with the consent of either parent where there has been a divorce.  Section 3 of the same chapter, as amended, dispenses with notice of the proceedings in certain instances where consent is given as provided in section 2, and concludes: "In all other cases notices shall be given before hearing."  Laws 1943, *c.* 127, *s.* 4.  Section 4, relating to the decree of adoption, provides for its ultimate entry "if the requirements of the preceding sections have been complied with."  *Id., s.* 5.

The appellee Evelyn claims that the decree of adoption was valid because she had custody of the child.  She asserts that the decree of the Vermont Superior Court awarding custody to the appellant is not binding upon her because she was never served with notice in accordance with Vermont statute.  She further claims custody by reason of the statutory provision contained in R. L., *c.* 340, *s.* 9, as amended by Laws 1947, *c.* 34, *s.* 2, providing that "the wife of . . . a man residing in another state," who has resided in this state for six months successively separate from "her husband," shall have the exclusive care, custody and guardianship of her minor children living with her in this state.

Since the appellee Evelyn Wistner is the wife of the appellee Floyd Wistner and not of the appellant, the last mentioned statutory provision is inapplicable.

Whether or not the Vermont decree giving custody to the appellant is binding upon Evelyn need not be determined.  The question presented is governed by the statutes relating to the proceedings of the Probate Court in this jurisdiction.  Under R. L., *c.* 345, *s.* 3, *supra,* notice to the appellant of the proceedings for adoption was required in the absence of his consent in writing.  The decree of divorce did not terminate his parental rights with respect to the minor child.  Notice of adoption proceedings is required by the statute, even in cases where by reason of insanity or abandonment on the part of one parent the consent of the other alone is sufficient.

"It has been held commonly that the interest of a parent in his

child cannot be divested by adoption unless he is given notice and an opportunity to be heard, except in instances where by gross misconduct, or waiver, or perhaps for other fault, he has forfeited his rights in this respect. . . . The Legislature has wide discretion in determining the acts or conduct of a parent which may forfeit this right to notice or dispense with it." *Hersey* v. *Hersey,* 271 Mass. 545, 552.

In the exercise of its discretion, our Legislature has not made the circumstances disclosed by this record ground for forfeiture of the appellant's right to notice, but has expressly required that he be notified. R. L., c. 345, s. 3, *supra.* Since notice was not given the adoption was invalid. See anno. 76 A. L. R. 1077. Under the statute the lack of consent was equally fatal. *Broman* v. *Byrne,* 322 Mass. 578; anno. 91 A. L. R. 1387. There was no error in the ruling of the Trial Court.

*Exception overruled.*

All concurred.