Rockingham,
No. 5878.

ALFRED R. SMITH & *a.*

*v.*

CONSUL GENERAL OF SPAIN & *a.*

December 30, 1969.

*Flynn, Powell & McGuirk* and *Raymond P. Blanchard* ( *Mr. Blanchard* orally ), for the plaintiffs.

*Perkins, Holland & Donovan* and *William H. M. Beckett* ( *Mr. Beckett* orally ), for the defendant, Maria Luisa Gonzalez y Gonzalez.

KENISON, C. J.   The question reserved and transferred by the Superior Court ( *Morris*, J. ) without ruling is whether a probate court has authority to reopen a decree of adoption.  The defendant ( Maria ) filed in the probate court for Rockingham County a petition to reopen the proceeding in which the probate court had decreed her son, Juan Carlos Gonzalez y Gonzalez, who was born out of wedlock in Madrid, Spain, to be the adopted son of the plaintiffs.  The defendant requested the case be reopened in order to prove she had revoked her consent before the adoption decree on September 14, 1965 and, therefore, the probate court had no authority to grant the adoption.  The petition also sought to set aside the adoption decree.  The probate court on September 18, 1967 granted the petition insofar as it requested that the case be reopened.  The plaintiffs appealed this ruling to the Superior Court which transferred it to this court without ruling.

In the absence of controlling precedent in this jurisdiction, we consider first relevant dicta.  In *Raymond* v. *Goodrich*, 80 N. H. 215, 216-217, 116 A. 38 it was stated that the " . . . power to set aside, vacate, modify, or amend their judgments for good cause shown . . . is possessed by the probate courts, as well as by courts of general jurisdiction."  In *Indian Head Bank* v. *Theriault*, 96 N. H. 23, 27, 69 A. 2d 226 appears more specific language: "While the authority of the probate court to reopen its decrees is undoubted, it will not be exercised except for good cause."  The power of the probate court to reopen a decree allowing a fiduciary's account has been recognized in other cases both

earlier and later than those cited. *Scammon* v. *Pearson*, 79 N. H. 213, 214, 107 A. 605; *Massachusetts Bonding Co.* v. *Keefe*, 100 N. H. 361, 362, 127 A. 2d 266. The plaintiffs point out that these decisions involve probate decrees relating to wills, estates and trusts and contend that they should not control adoption decrees by probate courts. This brings us to a consideration of cases construing our adoption laws. RSA ch. 461.

Adoption decrees by a probate court are not subject to collateral attack and are not to be impeached for purely technical reasons. *Wilson* v. *Otis*, 71 N. H. 483, 53 A. 439. Nevertheless consent of parents or in the case of an illegitimate child, the mother is a prerequisite to a valid adoption both as a matter of statutory command as well as a matter of public policy. RSA 461:3; *Lucius* v. *Wistner*, 97 N. H. 128, 82 A. 2d 602; *Durivage* v. *Vincent*, 102 N. H. 481, 161 A. 2d 175. See Infausto, Annual Review of Decisions and Statutory Revisions Affecting Adoptions, 3 Family L. Q. 123 ( 1969 ); *Wallace* v. *Lougee*, 107 N. H. 251, 221 A. 2d 780. Although the power of a probate court to reopen or set aside an adoption decree for lack of notice and consent was not discussed in jurisdictional and statutory terms, the procedure was clearly recognized in *Lucius* v. *Wistner, supra.* If the time to appeal from a probate decree has expired ( RSA 567:2, 7 ( supp )), a petition to reopen may be an appropriate method to attack an adoption decree for lack of consent. *Scammon* v. *Pearson*, 79 N. H. 213, 214, 107 A. 605.

As adoption was unknown to the common law and is wholly statutory ( *Young* v. *Bridges*, 86 N. H. 135, 138, 165 A. 272 ), it is argued that adoption statutes must be strictly construed. This kind of language at " . . . best is unnecessary and at worst blocks analysis. If generalities are to be indulged in at all, it is preferable to take the position of more enlightened courts, that adoption statutes are to be construed liberally, with a view to effectuating the statutory policies. Broadly those policies include promoting the best interests of children while at the same time protecting as far as possible the interests of both natural and adoptive parents. In accomplishing these aims ordinary equitable principles may be useful when the statute does not provide clear solutions. Therefore it is correct to say that equitable principles are applicable in adoption although it is recognized that adoption is a statutory proceeding not known to equity." Clark, Law of