Hillsborough County Probate Court
No. 93-035

*In re* Sky D.

June 7, 1994

*Charles H. Morang*, of Concord, by brief and orally, for the plaintiff, Martin M.

*Douglas & Douglas*, of Concord (*Charles G. Douglas, III* and *C. Kevin Leonard* on the brief, and *Mr. Douglas* orally), for the defendant, Carlene D.

*Chamberlain and Connor*, of Manchester (*Michael R. Chamberlain* on the brief and orally), for Child and Family Services of New Hampshire, as *amicus curiae*.

BROCK, C.J.   The plaintiff, Martin M., petitioned to vacate a decree of adoption on the ground that he was the natural father of the

adopted child, Sky D., and had not been given proper notice of the adoption proceedings. The Hillsborough County Probate Court (*Cloutier*, J.) denied his petition ruling that because the plaintiff had not filed with the office of child support enforcement, as required by RSA 170-B:5-a, I(c) (1990) (current version at RSA 170-B:5-a, I(c) (Supp. 1993)) and RSA 170-B:6 (1990), he was not entitled to notice of the adoption proceedings. We reverse.

The plaintiff and the defendant, the mother of Sky D., lived together in Pennsylvania for several months during 1990. During that time, she became pregnant. While she was pregnant, she repeatedly acknowledged that the plaintiff was the father of the child. The defendant moved out of the plaintiff's home before the child, Sky D., was born in June 1991, and had little contact with the plaintiff thereafter, despite his attempts to see her and the child. She moved to New Hampshire during the summer of 1991 and married another man.

In October 1991, the plaintiff filed a petition for custody of the child in the Merrimack County Superior Court. In January 1992, the defendant and her new husband filed a petition to adopt the child in Hillsborough County Probate Court. At the end of January, in response to the Merrimack County Superior Court's order in his pending custody suit, the plaintiff filed a petition to legitimate the child. The Hillsborough County Probate Court issued a certificate of adoption on March 19, 1992. The Merrimack County Superior Court then stayed the plaintiff's action to legitimate Sky D. to allow him an opportunity to challenge the legality of the adoption in Hillsborough County Probate Court.

In May 1992, the plaintiff petitioned to vacate the adoption because he had not been given notice of the adoption proceeding. The probate court denied the petition stating that the plaintiff "is not within the class of people who are entitled to notice under New Hampshire law." The plaintiff appealed.

■■ We review a decision of the probate court for errors of law and will not disturb its factual findings "unless they are so plainly erroneous that such findings could not be reasonably made." RSA 567-A:4 (Supp. 1993); *In re Jessie E.*, 137 N.H. 336, 341, 627 A.2d 591, 594 (1993). Adoption is wholly statutory, and therefore our review of the law is limited to interpretation of the applicable statutes. *In re Estate of McQuesten*, 133 N.H. 420, 422, 578 A.2d 335, 337 (1990).

The probate court found that the plaintiff was the natural father of the adopted child, Sky D. In the context of adoption, a natural father

is "a person other than a legal father who has been named as the father of the child, or who is the subject of a pending paternity action, or who has filed an unrevoked notice of intent to claim paternity of the child pursuant to RSA 170-B:5-a, I(c)." RSA 170-B:2, XIV (1990). It is undisputed that the plaintiff had not filed a notice of his claim of paternity under RSA 170-B:5-a, I(c) at the time of the adoption proceeding.

In October 1991, months before the petition to adopt was filed, however, the plaintiff filed an action titled "Petition for Custody of Child Under RSA 458-A and Temporary Orders" in Merrimack County Superior Court that sought, in part, to establish his paternity of the child. The petition requested the following relief:

> "That if she [Sky D.'s mother] denies Petitioner's paternity of [Sky D.], [Sky D.'s mother] be ordered to submit him to blood tests (to which Petitioner offers to submit) to determine if Petitioner is the father of [Sky D.]"

On October 15, 1991, the superior court ordered the plaintiff, the defendant, and the child to submit to blood testing.

■ Following a hearing held on January 15, 1992, the marital master directed the plaintiff to correct his pleading by filing a petition to legitimate, which he did on January 28, 1992. When the adoption petition was filed in Hillsborough County Probate Court on January 10, 1992, the plaintiff's petition for custody and the Merrimack County Superior Court's orders for blood testing were pending. Under the circumstances of this case, the plaintiff's petition for custody of the child sufficiently raised the question of his paternity to make him the subject of a pending paternity action within the meaning of RSA 170-B:2, XIV. Therefore, the probate court's determination that the plaintiff is the natural father of the adopted child is neither plainly erroneous nor contrary to law.

■■ In particular circumstances, a natural father is entitled to notice of a pending adoption proceeding and has a right to request a hearing to prove his paternity. RSA 170-B:5-a. If the natural father then requests a hearing and proves his paternity, his consent to the adoption is required. RSA 170-B:5, I(d). The statute provides that the court shall give notice of a pending adoption to a natural father "[w]hen the natural mother . . . has executed a consent under RSA 170-B:9, . . . if [the natural father's] identity is known by the court; the adoption agency which is the legal guardian of the child; or the proposed adoptive parents or their attorney." RSA 170-B:5-a, I(b). Thus, the notice requirement of RSA 170-B:5-a, I, applies to a natu-

ral father when the mother has properly consented to the adoption and when his identity is known by the court, the proposed adoptive parents, or their attorney.

■■ The probate court found that the defendant, the mother of Sky D., consented to the adoption. Although the defendant contends in her brief that she did not need to, and did not, consent to the adoption of her child by her husband, the child's stepfather, at oral argument her attorney conceded that her signature on the petition to adopt served as her consent. Without the defendant's consent, the adoption would be invalid. RSA 170-B:5, I(b) (1990); *Smith v. Consul General of Spain*, 110 N.H. 62, 64, 260 A.2d 95, 96–97 (1969); *see* RSA 170-B:4, V(a) (1990). Consent by a parent to the adoption of a child by a stepparent must be executed as provided by RSA 170-B:9, I(c) (1990). We conclude that the defendant's execution of the petition acknowledged by a notary public met the statutory requirements of execution of consent under RSA 170-B:9, I(c) in this case.

■■ The defendant and the attorneys for the defendant and her new husband knew the identity of the plaintiff. In addition, the court knew that someone who claimed to be Sky D.'s father had filed a petition to legitimate the child in Merrimack County Superior Court. Therefore, the plaintiff, as the natural father of the child, was entitled to notice of the adoption proceeding pursuant to RSA 170-B:5-a, I(b) and had a right to request a hearing to prove his paternity. Although the defendant notes that the plaintiff received information about the pending adoption proceeding from her attorney, she does not contend that the statutory notice requirement of RSA 170-B:5-a was satisfied, and we find that it was not.

■ If the plaintiff had requested a hearing and had proven his paternity as provided by statute, his consent to the adoption would have been required pursuant to RSA 170-B:5, I(d). We have not considered the effect of RSA 170-B:5-a, I(c) (Supp. 1993) on this case as the amended version of the statute was not effective at the time of the proceedings in question. Because the plaintiff was not given the required notice of the adoption proceeding, the adoption of Sky D. is invalid. *Lucius v. Wistner*, 97 N.H. 128, 130, 82 A.2d 602, 603 (1951). The probate court's order denying the plaintiff's petition is reversed, and the adoption decree is vacated.

*Reversed.*

All concurred.