# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0064, <u>In re Estate of Dan T. Buckless,</u> the court on March 2, 2016 issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The petitioner, Richard Migliacci, appeals from an order of the 10th Circuit Court – Brentwood Probate Division (<u>Weaver</u>, J.) that denied his motion to reopen the estate of the decedent, Dan T. Buckless. We affirm.

The relevant facts follow. The petitioner asserts that he is the decedent's biological son, born out of wedlock. In 2011, he pleaded guilty to vehicular homicide, and in November 2011, he was sentenced to serve a prison term of no less than three years and no more than four years.

The decedent died in February 2012. In April 2012, his widow, Kathryn M. Buckless, filed a petition to open his estate for probate administration. The decedent's will stated that he and Kathryn were married and that they had no children. The will was probated in the spring of 2012. The estate was closed by court order on May 30, 2013.

The petitioner filed his motion to reopen on August 18, 2014, more than two years after the will was probated. In his motion, he argued that the court should reopen the estate because doing so is allowed by statute, <u>see</u> Laws 1815, ch. 41 (subsequently amended), and is required by equity, <u>see</u> <u>In re Estate of Lund</u>, 118 N.H. 180, 185 (1978) (explaining that, for a court to set aside its approval of a will, it must find "some substantial ground, such as fraud, accident, or mistake" (quotation omitted)).

At the hearing on his motion, the petitioner acknowledged that the statute upon which he had originally relied, Laws 1815, ch. 41, had been amended, and no longer provides incarceration as a ground for the relief he seeks, <u>see</u> RSA 552:9 (2007). Although he then relied upon a different statute, RSA 552:15 (2007), he has abandoned that argument on appeal. The petitioner also pressed an equitable argument. The probate division rejected his equitable claim, finding that there was "no evidence of any accident or mistake regarding the failure of the [petitioner] to appear and challenge the will" and that there was also no evidence of fraud. The probate division found that the petitioner's failure to know of the decedent's death "was due to his own inaction," and that he had "failed to establish any substantial ground justifying the re-opening of the Estate." This appeal followed.

Our standard of review of a probate division decision is set forth by statute: "The findings of fact of the judge of probate are final unless they are so plainly erroneous that such findings could not be reasonably made." RSA 567–A:4 (2007). Consequently, we will not disturb the probate division's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law. In re Estate of Couture, 166 N.H. 101, 105 (2014). We defer to the judgment of the probate division to resolve "conflicts in testimony, measure the credibility of witnesses, and determine the weight to be given to testimony, recognizing that as the trier of fact, it is in the best position to measure the persuasiveness and credibility of evidence." In re Guardianship of E.L., 154 N.H. 292, 296 (2006) (quotations, brackets, and citation omitted).

RSA 552:7 (2007) provides that "[a]ny party interested may have the probate of a will which has been proved without notice re-examined, and the will proved in solemn form before the court of probate at any time within 6 months of such probate." This six-month limitations period may be extended pursuant to RSA 552:9, which provides: "A minor, insane person or person out of the United States, or their legal representatives, may have the probate of a will proved without notice re-examined at any time within one year after the removal of the disability."

In the instant case, it is undisputed that the petitioner did not comply with the six-month statute of limitations and that he is not entitled to any relief under RSA 552:9. Even though the petitioner was not mentioned in the decedent's will, assuming his allegations are true, he is an "interested party" within the meaning of RSA 552:7, such that he could have had the probated will re-examined had he filed his motion within the six-month statute of limitations. See Rogers v. Whitney Estate, 105 N.H. 95, 98-99 (1963).

On appeal, the petitioner first argues that the probate division erred when it failed to find equitable grounds to reopen the decedent's estate. Whether such grounds exist is a question of fact for the probate division. See Thompson v. Phillips Exeter Academy, 105 N.H. 153, 156-57 (1963); see also Indian Head Bank v. Theriault, 96 N.H. 23, 27 (1949); Lamarre v. Lamarre, 84 N.H. 441, 444-45 (1930).

For the probate division to set aside its approval of the decedent's will, it had to find a "substantial ground, such as fraud, accident, or mistake, which render[ed] it against conscience" to execute its prior orders probating the will and closing the estate. Knight v. Hollings, 73 N.H. 495, 502 (1906). To prevail upon his motion to reopen the decedent's estate, the petitioner had to show that he was "prevented . . . by fraud, accident, or mistake, unmixed with any fraud or negligence on [his] part," from complying with the six-month statute of limitations for moving to reopen an estate. Id.

2

The petitioner does not argue that there was any fraud, accident, or mistake that prevented him from complying with the six-month statute of limitations. Rather, he contends that he was prevented from learning of the decedent's death because he was in prison in another state "with no regular or timely way to learn of [the] death," and that the time that passed from probate of the will to the filing of his motion to reopen "was neither long nor unreasonable." Based upon the record on appeal, we conclude that the probate court was not compelled to find these facts and that its factual finding that no substantial ground existed to justify reopening the estate was not so plainly erroneous that it could not be reasonably made. See RSA 567-A:4.

The petitioner next asserts that he was prevented from "exercising his rights" because the notice of the probate division hearing did not adequately inform him that the hearing on his motion to reopen would be an evidentiary hearing. (Capitalization and bolding omitted.) We find no infirmity with the hearing notice.

Finally, the petitioner contends that the probate division erred by precluding him from offering evidence to prove that he was the decedent's biological son. Given that the purpose of the hearing was solely to determine whether the estate should be reopened, and not to decide the merits of the petitioner's claim that he was a pretermitted heir, we conclude that the probate division did not err in this respect.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**

3